## Schomaker, Appellant, *v.* Dean.

201      439
e 21 SC  320

201      439
29 SC  ²340
f  30 SC  ²474

201      439
j  34 SC   49
j  34 SC   50

201      439
38SC  ²402

201      439
39SC  158

*Appeals—Judgment—Opening judgment—Act of May 20, 1891.*

Under the Act of May 20, 1891, P. L. 101, the plaintiff in a confessed judgment which has been opened, may at his option take an appeal from the order opening the judgment within six months, or wait and have the action of the court reviewed as before the act, on an appeal after the issue is tried and a final judgment is entered. The latter course is to be commended as it avoids the necessity for two appeals in the same case, or any appeal if the final judgment is in the plaintiff's favor.

*Judgment—Opening judgment.*

Where the defendant in a judgment entered on a judgment note alleges that he never signed nor delivered the note, nor authorized any one to do so for him, and that his signature thereto was a forgery, and the plaintiff in his answer avers that the note had been duly signed, the judgment should be opened, and an issue granted to determine its validity.

*Promissory notes—Judgment note — Execution of note—Witness—Evidence.*

The execution of a note cannot be proved by a witness who was not present when it was signed, and who afterwards affixed his signature thereto as an attesting witness, without the request or consent of the maker.

Argued Nov. 7, 1901. Appeal, No. 74, Oct. T., 1901, by plaintiffs, from order of C. P. No. 2, Allegheny Co., Oct. T., 1894, opening judgment and from judgment on verdict in case of William Schomaker and Frederick Schomaker, trading as Schomaker & Company, v. John H. Dean, Charles F. Marshall and James Matthews. Before McCollum, C. J., Mitchell, Dean, Fell and Brown, JJ. Affirmed.

From the record it appeared that judgment had been entered under warrant of attorney contained in a judgment note.

The defendant in his petition to open the judgment, and at the trial claimed that his signature to the note had been forged.

On the face of the note the name of Wilson Martin appeared as " witness to James Matthews," the petitioner.

Defendant presented this point:

If the jury believe from the evidence Wilson Martin was not present at the time of the execution of the note, and only went to James Matthews a number of days thereafter, and

without any explanation of the contents of the note, or exhibition of the signature, simply asked defendant if that was his note, to which he received an affirmative answer, such testimony would not be sufficient to prove the execution of the note and the verdict of the jury must be for defendant. *Answer :* Affirmed.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in opening the judgment; (2) above instruction, quoting it.

*W. H. Lemon,* with him *James K. McBride,* for appellants.— The opening of a judgment is to a certain extent within the discretion of the court, but it is error for a court to open a judgment unless the applicant make a case which would justify a chancellor in making a decree : Knarr v. Elgren, 19 W. N. C. 531 ; Scott's Appeal, 123 Pa. 155.

As we understand the law, it was the duty of Matthews to have asked to see the note and if, as testified to, he declined to look at it, he is estopped from denying the admission of its execution by him.

*Frank C. Osburn,* with him *J. C. McCombs,* for appellee.— The allegations contained in appellee's petition, if true, shifted the burden of proof as to the genuineness of this note upon appellant : West v. Irwin, 74 Pa. 258 ; Hook v. White, 193 Pa. 397.

Execution of a note cannot be proved by one who signs himself as a witness thereto, who was not present at the time of the execution: Huston v. Ticknor & Co., 99 Pa. 231.

OPINION BY MR. JUSTICE FELL, January 6, 1902 :

The suggestion that the appeal was not taken in time to entitle the defendant to a review of the order of the court opening the judgment, raises a question of practice under the act of May 20, 1891, which should be settled. The rule to show cause why the judgment should not be opened and the defendant let into a defense, was made absolute in September, 1899. A separate appeal was not taken from the order. It is assigned as error in the appeal which was taken after the trial of the issue

and more than six months after the order was made. The act of April 4, 1877, gave the right of appeal from an order of the court in a proceeding to open a confessed judgment to either party, but it was held that as to the plaintiff in the judgment the order was interlocutory and that no appeal would lie from it until the issue was tried and a final judgment entered: Citizens' Building & Loan Asso. v. Hoagland, 87 Pa. 326; English's App., 119 Pa. 533. The act of 1891 enlarged the class of cases in which an appeal could be taken by including judgments: ". . . . of any kind, whether entered by amicable confession, upon warrant of attorney or otherwise," and provided that the appeals should be heard "in like manner as appeals from final decrees." The effect of this act is to entitle the party aggrieved by the opening of the judgment to an appeal from the interlocutory order or decree. This is a new right, but the old one was not taken away by the act, and the plaintiff may at his option take an appeal from the order within six months, or wait and have the action of the court reviewed as before the act, on an appeal after the issue is tried and a final judgment is entered. The latter course is to be commended as it avoids the necessity for two appeals in the same case, or any appeal if the final judgment is in the plaintiff's favor.

There is, however, no merit in the contention that the court erred in opening the judgment. The defendant in his petition alleged that he never signed nor delivered the note, nor authorized anyone to do so for him, and that his signature thereto was a forgery. The plaintiff in his answer averred that the note had been duly signed. This raised an issue on which the defendant was entitled to go to a jury.

The defendant's third point related to the proof of the note, and presented the proposition that the execution of the note could not be proved by a witness who was not present when it was signed, and who afterwards affixed his signature thereto, as an attesting witness, without the request or consent of the maker. This point was properly affirmed: Huston v. Ticknor, 99 Pa. 231.

The judgment is affirmed.