Home Building and Loan Association *v.* Houlihan,
Appellant.

Argued November 18, 1952. Before STERN, C. J.,
STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

reargument refused March 24, 1953.

*Gilbert Cassidy, Jr.,* for appellant.

*A. Walling Levin,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, February 13,
1953:

This is an appeal from a final order of the common
pleas court revoking the opening of a judgment.

On December 20, 1950 the appellee, Home Building
and Loan Association, entered judgment against appel-

lant, Vincent J. Houlihan, by virtue of a warrant of attorney contained in a bond secured by a mortgage given by Houlihan to the Association. Houlihan petitioned to open the judgment. After answer by the Association and the taking of depositions, the lower court made an order on May 7, 1951 opening the judgment. On November 8, 1951, upon the Association's petition, the court issued a rule upon Houlihan "to show cause why the order previously entered in this case opening the judgment and staying all proceedings should not be revoked and the plaintiff given leave to proceed with execution, or in the alternative why the Court should not amend its Order opening the judgment by incorporating therein a statement of the issue or issues to be submitted to the jury.". After answer filed by Houlihan and argument, the court on January 4, 1952 made the following final order: "Rule absolute; former Order of Court opening judgment revoked and stricken from record. Rule to open Judgment dismissed. Plaintiff granted leave to proceed with execution. Defendant to pay costs.".

Appellant does not question the propriety of the lower court's decision on the merits but challenges only the power and authority of the lower court to vacate its earlier order opening the judgment. His Statement of Question Involved is: "Where no appeal was taken from a reviewable order of a lower Court opening judgment, which Court had jurisdiction, may such Court, on petition over six months after the entry of its order, revoke and strike the order from record, permit execution to issue and impose costs?".

While an appeal lies from an order opening a judgment, Act of May 20, 1891, P. L. 101, Section 1, 12 PS §1100, an appeal at that stage of the proceedings is at the option of the party aggrieved and he may wait until a final order is entered and appeal from the latter. If no appeal is taken under the Act of 1891, the order

opening the judgment remains interlocutory and may be subsequently amended, modified or revoked: See *Schomaker v. Dean,* 201 Pa. 439, 50 A. 923; *Rosenblum, et al. v. Edwards,* 137 Pa. Superior Ct. 33, 8 A. 2d 468. In *Markofski et ux. v. Yanks,* 297 Pa. 74, 146 A. 569, where the judgment debtor appealed from an order by the court below amending an earlier order opening judgment, this Court said at p. 77: "We find no error in the order appealed from. The common law rule that a court cannot change its judgment after the term at which it was entered applies only to a final judgment and is inapplicable to interlocutory orders such as here in question. 'The rule against amending or vacating a judgment after expiration of the term at which it was rendered has no application to interlocutory judgments, and such judgments may be opened, amended, or vacated at any time while the proceedings remain in fieri, and before the final judgment': 34 C. J. 216, citing numerous authorities, including McCoy v. Porter, 17 S. & R. 59. The same is stated in 15 R. C. L. page 692, section 144, as follows: 'The general rule . . . denying to a court the power to control its judgments after the term applies only to final judgments, and where an order or judgment is interlocutory only, it may be set aside at a term of court subsequent to that at which it was entered.' This was an incomplete interlocutory order made in an equitable proceeding and left the whole matter open for the further action of the court. Furthermore, the discharge of a rule to open judgment will not prevent a renewal of the application at a subsequent term (see Johnson v. Nippert, 286 Pa. 175; Silberman & Co. v. Shuklansky et al., 172 Pa. 77; Kittanning Ins. Co. v. Adams, 8 Sadler 337), and why should an order making it absolute?".

The cases cited by appellant are inapposite. In all of them other than *Beaver Valley Water Company v.*

*Pennsylvania Public Utility Commission,* 140 Pa. Superior Ct. 297, 14 A. 2d 205, final orders were involved and the principle affirmed that a party may not controvert a final order where the court has jurisdiction and from which no timely appeal has been taken. The *Beaver Valley Water Company* case, supra, was an appeal from the denial of a petition for a rehearing with respect to an interim report and temporary rates set by the Public Utility Commission. It arose under the Public Utility Law of 1937, P. L. 1053. Article X, Section 1006 of that Act, 66 PS §1396, specifically provides that if an application for a rehearing be filed within fifteen days, the Commission may affirm, rescind or modify its original order. Article XI, Section 1101, 66 PS §1431, provides that an order refusing a rehearing may be appealed within thirty days, provided that the petition for rehearing was filed within fifteen days as required by Section 1006. The Superior Court held that there was no right to an appeal from the denial of a petition for a rehearing which was filed more than a year after the original order was entered. The court then stated that the Commission should finally determine the rates to be charged. This case must be read in the light of the particular statute it construed, and it cannot be expanded to stand for the general principle that every order or decree which is appealable but no appeal taken therefrom within the time prescribed, is therefore a final order of the court. In the instant case, it is clear that under the Act of 1891, supra, no appeal would lie from the order opening the judgment after the expiration of three months following the entry of that order. However, it does not necessarily follow that because no appeal has been taken, the interlocutory order therefore becomes final and the court which entered it loses its power over the order. The sole purpose of the Act of 1891 was to grant an additional optional right to a

party aggrieved by one of the listed interlocutory orders. It was not intended to take away from the court its traditional power to control an interlocutory order prior to the entry of a final order.

Order affirmed at appellant's cost.