Smith, Appellant, *v.* Dale.

Argued September 29, 1961. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and Alpern, JJ.

*Thomas P. Geer,* with him *Ryan, Newman, Geer and Goldring,* for appellant.

*Paul E. Moses,* with him *James C. Evans,* and *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 14, 1961:

This is an action in assumpsit on an implied contract for the use and occupancy of premises owned by the plaintiff, for services rendered and for use of equipment and facilities furnished. Suit was instituted on June 19, 1959, and the complaint served on June 25, 1959. Judgment for want of an appearance and failure to file an answer was entered on January 5, 1960.

The defendant petitioned the court to open the judgment on May 19, 1960, and a rule to show cause was granted returnable to June 1, 1960. Attached to the petition was a proposed answer to the complaint containing, if true, a complete meritorious defense to the claim of the plaintiff and, in addition, a counterclaim. An answer to the petition was filed on May 26, 1960.

Counsel for the parties appeared in court on June 1, 1960, before Judge NIXON who, by assignment, was presiding in motion court. Counsel for the defendant requested the opportunity of taking depositions in support of the factual allegations contained in the petition to open the judgment. This was refused and the presiding judge entered an order discharging the rule to show cause. No reasons for this action appear of record. On the same day, counsel for the defendant renewed his request to Judge NIXON that he be permitted to submit depositions in support of the request to open the judgment, and asked for a rehearing on the petition. The judge directed that the issue be placed on the general argument list for consideration by a full court. The issue was argued before a court en banc (including Judge NIXON) on June 7, 1960. Depositions on behalf of the defendant were taken on June 13, 1960, and submitted to the court. The court en banc entered a unanimous order and opinion on December 2, 1960, vacating the original order discharging the rule to show cause and directed that the rule be made absolute. The plaintiff appealed from this order on March 1, 1961.

It is the prime contention of the plaintiff that the order of June 1, 1960, discharging the rule to show cause was a final order, a definitive judgment from which the defendant had the right to appeal; that no appeal having been taken the order was conclusive and the court en banc abused its power and authority in giving further consideration to the request to open judgment.

Under the Act of May 20, 1891, P. L. 101, §1, 12 PS §1100, in all cases involving the application for the opening, vacating and striking off of judgments of any kind, a party aggrieved by the decision of the court may appeal at that stage of the proceeding. If no such appeal is taken and the judgment involved is one entered by amicable confession, upon warrant of attorney *or by default,* the order opening the judgment or *discharging the rule to open* is interlocutory in nature, rendered in an equitable proceeding and may be fully reviewed by the court at a subsequent term. Under such circumstances the discharge of the rule to open judgment will not prevent the court from entertaining a renewal of the application to open at a subsequent term. See, *Home B. & L. Assn. v. Houlihan,* 373 Pa. 43, 95 A. 2d 189 (1953); *Markofski v. Yanks,* 297 Pa. 74, 146 Atl. 569 (1929); *Trescott v. Co-operative Building Bk.,* 215 Pa. 438, 64 Atl. 630 (1906) and *Kozuhowski & Reuss v. Snigel & Snigel,* 90 Pa. Superior Ct. 75 (1927). The rule against opening, amending or vacating a judgment after the expiration of the term does not apply to interlocutory orders or to judgments by default. See, *Riegel v. Wilson,* 60 Pa. 388, 394 (1869); *Breden v. Gilliland,* 67 Pa. 34 (1871). Therefore, the court en banc had the power and authority to fully review the order discharging the rule to show cause and under the facts such action was clearly indicated.

An examination of the pertinent pleadings discloses that the petition to open averred that soon after service

of the complaint the defendant engaged counsel and supplied him with sufficient facts to constitute a meritorious defense to plaintiff's claim; that said counsel assured the defendant that an appearance and answer would be duly filed; that subsequently defendant's counsel entered into a discussion with plaintiff's counsel for the purpose of settling the dispute and assured the defendant that in view of this no action was necessary; that the failure to properly defend was due to the mistake, omission or oversight of his then counsel who acted in reliance upon the negotiations between counsel. The answer to the petition denied some of these allegations and demanded proof of the remainder. Hence, material and important factual questions were raised which could not fairly be resolved merely upon the petition and answer.

If issues of fact are present, Pa. R. C. P. 209 gives the moving party the right to take depositions in support of his position within fifteen days after the filing and service of the answer, and to have the application to open the judgment heard on the petition, answer and depositions. If this right is not exercised then the issue is ripe for argument and decision upon the pleadings alone, in which event, the averments of the answer so far as they are responsive to those of the petition, would have to be taken as true: *Vallish v. Rapoport,* 364 Pa. 25, 70 A. 2d 616 (1950). In the present case, the moving party was denied the right and opportunity to substantiate the disputed factual allegations of his petition when the order discharging the rule was entered.

Plaintiff-appellant further contends the court below abused its discretion in opening the judgment, particularly in view of the defendant's alleged lackadaisical effort in defending the action and the failure to promptly move for the opening of the judgment. The scope of our review in such an instance is very limited and the

crucial question is: Whether or not the action of the court below constituted an abuse of discretion? See, *Johnson v. Nippert*, 286 Pa. 175, 133 Atl. 150 (1926) and *Kuntz v. Lanbar Hotel Co., Inc.*, 380 Pa. 90, 110 A. 2d 249 (1955). In *Scott v. McEwing*, 337 Pa. 273, 274, 10 A. 2d 436 (1940), we observed that, "The power of a court to grant relief from a judgment entered by default due to a mistake or oversight of counsel is one frequently exercised in the interest of justice, and we have repeatedly said that this Court will not interfere with the lower court's action unless it is clearly shown that its discretion has been abused." Furthermore, the propriety of the relief is to be adjudged on the basis of equitable principles; proceedings of this character are basically equitable in nature and are to be ruled accordingly. See, *Horn v. Witherspoon*, 327 Pa. 295, 192 Atl. 654 (1937).

In view of all the circumstances this action presents, we cannot properly say that the court below abused its discretion.

Order affirmed. Costs to abide the result.