Haag *v.* Kline, Appellant.

Argued January 15, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

Maurice W. Kail, for appellant.

Simon Lenson, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1962:

This is an appeal by defendant from the order of the court below refusing to open a judgment confessed against her.

Defendant contends that she borrowed $12,500 in 1950, but by the fraud, deceit and connivance of her attorney and a bank officer, the agent of plaintiffs, she was induced to sign a judgment note for $25,000 and

make an assignment of her interest in a certain trust, as collateral for the loan.

The question presented on this appeal is whether the court below erred in refusing to open judgment.

A petition to open a judgment is addressed to the sound discretion of the court below and, unless an abuse of such discretion appears, its action will not be reversed: *Fogel Refrigerator Company v. Oteri,* 391 Pa. 188, 137 A. 2d 225 (1958); *Smith v. Dale,* 405 Pa. 293, 175 A. 2d 78 (1961).

In January, 1960, the plaintiffs confessed judgment on the note, principal, costs and interest from October 14, 1951, amounting to $42,112.50. Defendant's interest in a trust created by her father was attached and at the audit of final account of the trustee under the inter vivos trust—the settlor, Arthur S. Arnold, and Florence A. Arnold, his wife, having died—evidence was submitted by the plaintiffs as to the validity of their claim. The judge awarded the defendant's share of the estate to plaintiffs. Subsequently, in September, 1960, the defendant filed a petition in common pleas court to open the judgment. The parties stipulated that the orphans' court proceedings could be used in common pleas court and in addition depositions were taken.

Appellant, Alma H. Arnold, has been a practicing attorney at the Philadelphia bar since 1933. She knew Harry J. Alker, Jr., an attorney, who volunteered to help her secure a loan. Alker arranged with George M. Longaker, trust officer of the Security Trust Company, Pottstown, for the loan. The plaintiffs Russell R. Haag and his brother Clair G. Haag, now deceased, were long time depositors and customers of the Security Trust Company.

The loan transaction was not handled as bank business since the defendant could not qualify for a bank loan—her only collateral being the assignment of a future enjoyment in a trust.

Miss Arnold contends that the amount of the loan was $12,500 but readily admits she signed a regular form judgment note, dated February 17, 1950, in the amount of $25,000, payable one day after date to the order of Clair G. Haag and Russell R. Haag. The note provided for interest at the rate of 6% per annum and a 10% collection fee. It was witnessed by Messrs. Longaker and Alker. Miss Arnold executed another note for $25,000, dated February 17, 1950, payable two years after date, which referred to "Collateral", as the assignment of her interest in the above mentioned trust and a judgment note for $25,000. This was also witnessed by Messrs Longaker and Alker.

Miss Arnold signed and acknowledged a document dated February 17, 1950, by which she assigned her interest in the aforementioned trust to Clair G. Haag and Russell R. Haag. In addition, by separate instrument, she made an affidavit, dated February 17, 1950, "for the purpose of inducing Clair G. Haag and Russell R. Haag to make her a loan of Twenty-Five Thousand dollars ($25,000.) with an absolute assignment of her interest in the said estate as security therefor."

The Haags provided the $25,000 in the form of two checks dated February 17, 1950, and March 31, 1950, each in the amount of $12,500, payable to the order of Harry J. Alker, Jr., Esq., attorney for Alma Arnold. These checks were endorsed by Mr. Alker, Attorney, and the one dated February 17, 1950, was also endorsed by Miss Arnold. The checks were deposited to the account of Harry J. Alker, Jr., Attorney. Miss Arnold contends she received the benefit of only one check, although Mr. Alker was her attorney and she relied on him and followed his advice. She signed the various instruments presented to her upon his advice and followed his instructions in making distribution of funds to her creditors. If defendant's attorney did not account to her for money received, her action is against him and not against the plaintiffs.

Defendant sought to prove that Mr. Longaker (now deceased) was plaintiffs' agent and that by connivance, deceit and misrepresentation practiced by him and her attorney, a fraud was perpetrated on her.

The court below rejected this contention and found no evidence of an agency relationship between plaintiffs and George M. Longaker, and found no evidence of fraud or collusion; the record supports the court below.

In order to open this judgment, we would be required to give no weight to the written instruments and accept unsupported oral testimony flying in the face of such instruments, this we will not do.

We find no abuse of discretion.

Order affirmed. Costs on appellant.