## Kravitz *v.* Zoning Board of Adjustment, Appellant.

Argued April 22, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

98

*Matthew W. Bullock, Jr.*, Deputy City Solicitor, with him *Carl K. Zucker*, Assistant City Solicitor, *James L. Stern*, Second Deputy City Solicitor, and *Edward G. Bauer, Jr.*, City Solicitor, for City of Philadelphia, appellant.

*William F. Hall, Jr.*, with him *Norris, Green and Brown*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1964:

This is an appeal from the Order of the Court of Common Pleas No. 7 of Philadelphia County refusing to quash an appeal from the Zoning Board of Adjustment (hereinafter referred to as Board).

Gerson Kravitz, trading as Normandie Cleaners, filed an application with the Board for a Certificate to use the property situate at 414-416 South 20th Street, Philadelphia, for a coin-operated laundry. On *August 29, 1963,* the Board rendered a decision refusing to issue the Certificate. On September 6, 1963, Kravitz's attorney wrote to the Board requesting a re-hearing. The Board on September 16, 1963, denied the request for a re-hearing and on *October 9, 1963,* appellee filed a petition for a writ of certiorari to the Board which was granted by the lower Court.

The Board filed with the lower Court a motion to quash the appeal. The lower Court dismissed the motion to quash and the Board thereafter appealed to this Court.

The Act of May 6, 1929, P. L. 1551, §8, 53 P.S. §14759 and §14-1806 of the Philadelphia Code, provide that the petition for certiorari ". . . shall be presented

to the court *within thirty (30) days after the filing of the decision in the office of the Board."* * The time for filing the petition expired on September 28, 1963. It is well settled that the appeal period provided in and by the Statute and Code was not extended by the request or informal motion for re-hearing, where no stay of proceedings was granted. *Smith v. Jones*, 369 Pa. 13, 85 A. 2d 23; *Blank v. Board of Adjustment*, 390 Pa. 636, 136 A. 2d 695; *Ifft v. Hunter*, 202 Pa. Superior Ct. 487, 198 A. 2d 436.

The Order of the Court of Common Pleas dismissing the motion to quash is reversed and the Appeal to the Court of Common Pleas is quashed.

---

* Italics, ours.