Scharfman *v.* Philadelphia Transportation
Company, Appellant.

564

Argued December 5, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Lewis Van Dusen, Jr.,* with him *James D. McCrudden,* for appellant.

*Abraham J. Golden,* for appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

The appellant contends that the court below improperly refused to grant its petition to open judgment which had been entered as a sanction for failure to file answers to interrogatories.

The complicated procedural history of this case may be summarized as follows: The plaintiff-appellee initiated this action on November 16, 1966, by filing a complaint in trespass, alleging injuries suffered as a result of the appellant's negligence. The appellant did not file an answer, but an appearance in its behalf was entered by Lynwood F. Blount, Esquire, on December 1, 1966. Subsequently, both parties filed and answered interrogatories. On September 25, 1969, the appellee filed a certificate of readiness, requesting that the trial be non-jury. The docket reveals that the appellee filed supplemental interrogatories, which were forwarded to the appellant's attorney, Mr. Blount, on December 28, 1970. The interrogatories were never answered. Mr. Blount withdrew from the case on March 30, 1971, and on the same day, the appellant's present attorney entered an appearance.

The appellee continued to send requests for answers to the supplemental interrogatories to Mr. Blount. When no response was forthcoming, the appellee filed a motion for sanctions.[1] On June 25, 1971, Judge HIRSH granted the appellee's motion. Pursuant to Rule 4019(c)(3) of the Pennsylvania Rules of Civil Procedure, he ordered that judgment be entered in favor of the appellee and

[1]. The appellee did not attach the docket entries to its motion for sanctions as required by Rule 251(b) of Philadelphia Common Pleas Court.

that the trial proceed only on the issue of damages. See *Isenberger v. Schumann,* 415 Pa. 217, 203 A. 2d 136 (1964) ; *Spilove v. Cross Transportation, Inc.,* 223 Pa. Superior Ct. 143, 297 A. 2d 155 (1972). On December 15, 1971, the appellee filed a petition to open the judgment.[2] The petition was denied by Judge HIRSH on June 20, 1972. On June 28, 1972, the appellant filed a petition requesting oral argument, but this was dismissed without prejudice on August 10, 1972. A petition for reconsideration was filed by the appellant on December 18, 1972. This petition was denied with prejudice on December 26, 1972. At no time did the appellant file an appeal to this Court from any of the orders issued by the motions judge.

The case proceeded to trial solely on the issue of damages, which were assessed in the sum of $25,534.33. Prior to trial, the appellant orally requested the court to open the judgment and allow the appellant to enter a defense on the issue of liability. This appeal followed the denial of that motion.

The appellant contends that the judgment entered on June 25, 1971, and the orders entered on June 20, 1972, and December 26, 1972, were interlocutory in nature. The appellant argues, therefore, that as the aggrieved party, it had the option of taking an immediate appeal or proceeding to trial solely on the issue of dam-

---

2. In view of our disposition of this case, it is unnecessary to discuss the substantive merits of the appellant's petition to open. The attorneys for both parties failed to pursue this case with the utmost diligence. Had the appellee's attorney checked the docket entries, he would have seen that counsel for the appellant had withdrawn. He then would have sent the supplemental interrogatories to the proper attorney. Similarly, had the appellant's present counsel checked the docket when he assumed representation, he would have been aware that unanswered interrogatories to his client were outstanding. Furthermore, had the appellee attached the docket entries to his motion for sanctions, Judge HIRSH would have known of the change in counsel for the appellant.

ages and appealing from the entry of final judgment. The appellee submits that each of the above rulings were final orders, and that the appellant had thirty days in which to file an appeal.[3] Because the appellant's appeal to this Court was not filed until May 30, 1974, more than seventeen months after the issuance of the order denying the petition for reconsideration, the appellee contends that this appeal must be quashed as untimely.

By denying the appellant's petition to open judgment on June 20, 1972, and the appellant's petition for reconsideration on December 26, 1972, the motions judge precluded the appellant from presenting a defense to the allegations of the complaint. There can be no doubt that under numerous Pennsylvania Supreme Court decisions, the denial of the petition for reconsideration was an appealable final order: "An order is *not* interlocutory if it precludes a party from presenting the *merits of his claim* to the lower court. *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 246 A. 2d 353 (1968); *Stewart Estate,* 423 Pa. 189, 223 A. 2d 685 (1966); *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A. 2d 776 (1953)." *Marino Estate,* 440 Pa. 492, 494, 269 A. 2d 645 (1970). (Emphasis added). In *Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 24, 218 A. 2d 350 (1966), it was stated: "The order involved effectively precludes proof at trial of what might possibly be a complete defense to the cause sued upon. As to this defense, at least, the order appealed from puts the defendant 'out of court.' It is, therefore, an appealable order." *See also James Banda Inc. v. Virginia Manor Apts., Inc.,* 451 Pa. 408, 303 A. 2d 925 (1973); *McCahill v. Roberts,* 421 Pa. 233, 219 A. 2d 306 (1966); *Bell v. Beneficial Consumer Dis-*

---

3. 17 P.S. §211.502(a) provides: "Except as otherwise provided in this section an appeal under this act from any order shall be filed within thirty days of its entry." Appellate Court Jurisdiction Act, 1970, July 31, P.L. 673, No. 223, art. V, § 502, 17 P.S. §211.502(a).

*count Co.,* 231 Pa. Superior Ct. 1, 327 A. 2d 874 (1975) (SPAETH, J., dissenting).

The appellant makes no attempt to contradict this well-settled principle. Rather, the appellant cites two cases for the proposition that the orders of the motions judge were interlocutory and therefore its failure to appeal from them does not bar his present appeal. The cases cited involve the effect of 12 P.S. §1100,[4] which concerns appeals in opening, vacating and striking off judgments: "In all cases of application for the opening, vacating and striking off of judgments of any kind, whether entered by amicable confession, upon warrant of attorney or otherwise, *any party aggrieved by the decision of the court opening, vacating or striking off or the refusal to open, vacate or strike off such judgment, may appeal therefrom. . . .*" (Emphasis added) A careful examination of these precedents, however, compels the conclusion that the appellant's reliance on them is misplaced.

In *Smith v. Dale,* 405 Pa. 293, 175 A. 2d 78 (1961), the plaintiff entered a default judgment on January 5, 1960, and the defendant filed a petition to open the judgment on May 19, 1960. On June 1, 1960, the trial court denied the petition, but directed that the issue be placed on the general argument list for consideration by the court en banc. On December 2, 1960, the court en banc reversed the trial judge and opened the judgment. The plaintiff appealed that ruling, arguing that the order of June 1, 1960, was a final order and that because the defendant failed to appeal therefrom, the court en banc was powerless to give further consideration to the request to open the judgment. The Court affirmed the decision of the court en banc, stating that "[u]nder . . . 12 P.S. §1100, in all cases involving the application for

---

4. Act of May 20, 1891, P.L. 101, §1, as amended, 1971, June 3, P.L. 118, No. 6, §1 [§509(a)(28)], 12 P.S. §1100.

the opening . . . of judgments of any kind, a party aggrieved by the decision of the court may appeal at that stage of the proceeding. *If no such appeal is taken,* and the judgment involved is one entered . . . by *default,* the order opening the judgment or discharging the rule to open is interlocutory in nature, rendered in an equitable proceeding and may be fully reviewed by the court at a subsequent term. Under such circumstances, the discharge of the rule to open judgment will not prevent the court from entertaining a renewal of the application to open at a subsequent term." 405 Pa. at 295, 175 A. 2d at 79. (Emphasis added). The decision does not stand for the proposition that if the aggrieved party *chooses* to appeal, he may do so in disregard of the statutory time limit within which appeals must be filed. The opinion holds only that if the aggrieved party *does not* exercise his option to appeal, the order is interlocutory insofar as the lower court's retention of power to modify or revoke its initial decision is concerned. The effect of this holding to the facts of the present case is that the denial of the appellant's petition to open judgment on June 20, 1972, did not prevent the lower court from passing on the appellant's petition for reconsideration in December, 1972. This was true *because the appellant did not appeal* the order of June 20, 1972, denying its petition to open, to this Court.

The case of *Home Building and Loan Assoc. v. Houlihan,* 373 Pa. 43, 95 A. 2d 189 (1953), cited in *Smith v. Dale,* supra, makes clear that 12 P.S. §1100 does not affect the statutory time limit in which to appeal. In *Houlihan,* the plaintiff confessed judgment on December 20, 1950. On May 7, 1951, the lower court granted the defendant's petition to open judgment. On January 4, 1952, however, the court reversed its prior decision and revoked the order which opened the judgment. The de-

fendant appealed from the order of January 4, 1952,[5] and argued that the plaintiff should have appealed from the order of May 7, 1951, opening the judgment, and that because he failed to do so, the lower court was precluded from reconsidering its order to open the judgment. The Court responded: "While an appeal lies from an order opening a judgment . . . an appeal at that stage of the proceedings is at the option of the party aggrieved and he may wait until a final order is entered and appeal from the latter. *If no appeal is taken* under the Act of 1891, the order opening the judgment remains interlocutory and may be subsequently amended, modified or revoked." 373 Pa. at 44-45, 95 A. 2d at 190. (Emphasis added). As in *Smith v. Dale,* supra, the Court was faced with the issue of whether the *failure* to take an appeal prevented the lower court from modifying its original order. Both cases hold that the lower court is not so precluded.

The purpose of 12 P.S. §1100 is to grant to the aggrieved party the option to appeal. Significantly, the Court in *Houlihan* stated that "[i]n the instant case, it is clear that under the Act of 1891, supra, *no appeal would lie from the order opening the judgment after the expiration of three months following the entry of that order."* 373 Pa. at 46, 95 A. 2d at 190. (Emphasis added).[6] These two cases do not provide support for the appellant's position, for they do not refer to the timeliness of appeals to a higher court. Rather, they were concerned with the issue of whether the lower court has the power and

---

5. Significantly, the Court's opinion begins "[t]his is an appeal from a *final order* of the common pleas court revoking the opening of a judgment." 373 Pa. at 43, 95 A. 2d at 189. (Emphasis added.)

6. Act of May 19, 1897, P.L. 67, as amended, 12 P.S. §1136, in effect at the time *Houlihan* was decided, provided that an appeal from an order of any common pleas court must be taken within three months from the date of the order.

authority to retain jurisdiction over the judgment when no appeal is filed.

When an appeal from one of the orders enumerated in 12 P.S. §1100, has been untimely, however, our appellate courts have quashed the appeal.[7] For example, in *Ifft v. Hunter*, 202 Pa. Superior Ct. 487, 198 A. 2d 436 (1964), the plaintiff sued to quiet title against the defendant on May 3, 1960. Because the defendant's whereabouts were unknown, the lower court granted leave to make service by publication. After the plaintiff filed proof of publication, the court entered an order requiring the defendant to bring an action of ejectment within thirty days or be barred from asserting title. Judgment was entered on June 29, 1960. On September 6, 1962, the defendant petitioned the court to open the judgment. The court en banc dismissed the petition on October 30, 1962. On November 30, 1962, however, one of the members of the court en banc ordered that the matter be reargued, but did not grant a stay of proceedings. The order denying the defendant's petition was entered on June 6, 1963, and the defendant appealed. Our Court quashed the appeal as untimely: "The provisions of appeal statutes are mandatory and binding whether or not the opposite party move to quash: *Commonwealth ex rel. Nicosia v. Nicosia*, 184 Pa. Superior Ct. 440, 136 A. 2d 135. . . . Appellant's appeal to this court was not taken until June 25, 1963. While this was timely so far as the order of June 6, 1963 is concerned, it was more than three calendar months after October 30, 1962. A petition

---

7. The time in which to appeal is mandatory, and will not be extended in the absence of fraud "or some breakdown in the court's operation through a default of its officers." *Washington Mall v. Board for the Assessment and Revision of Taxes*, 4 Pa. Commonwealth Ct. 251, 253-254, 285 A. 2d 885 (1971). See also *Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A. 2d 169 (1971); *Kravitz v. Zoning Board of Adjustment*, 415 Pa. 97, 202 A. 2d 64 (1964); *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938).

for reargument and proceedings thereunder do not operate to arrest the running of the time limit for appeal unless a stay of proceedings is granted." 202 Pa. Superior Ct. at 489, 198 A. 2d at 437. Similarly, our Supreme Court has stated in a *per curiam* opinion: "This appeal is from the refusal to open judgment entered for want of a sufficient affidavit of defense in an action of assumpsit. An appeal from the judgment was quashed by this court on the ground that it was taken after the time allowed by the statute." *Friel v. Beadle,* 320 Pa. 204, 205, 182 A. 517 (1936).[8]

Under 12 P.S. §1100, the aggrieved party has the option of appealing the order or not. If he chooses to appeal, he must comply with the thirty-day rule mandated by 17 P.S. §211.502(a). If he chooses not to appeal, he is prohibited from later appealing an order denying a petition to open judgment. The appellant in the instant case is apparently confusing an order opening a judgment, and an order denying a petition to open. The former is *always* interlocutory because an order opening a judgment does not meet the established definition of the term "final order": the plaintiff obviously is not put

8. In the present case, the appellant's appeal is timely in regard to the judgment entered following the trial at which damages were assessed. It was untimely, however, in regard to the order denying the petition to reopen entered on December 26, 1972. The appellant is thus precluded from having that decision reviewed, despite the fact that it technically has appealed within the statutory period. In *Friel v. Beadle,* supra, after the Supreme Court quashed the defendant's appeal, he filed a motion for reconsideration in the lower court. The lower court denied the motion, and the defendant appealed in timely manner from the order. The Supreme Court refused to hear the appeal: "The only purpose of the motion to open was to obtain reconsideration of what the court had already decided at a prior term, and which this court was unable to consider for the reason stated. When his application to open was refused, he took this appeal to obtain a review of the decision which we were unable to review before." 320 Pa. at 205, 182 A. at 517-518.

"out of court" because he can proceed to trial. If the plaintiff does not appeal the order opening judgment, and he loses at trial, he can then contest both the decision to open and the substantive merits before the appropriate appellate court. That is the recommended course, because it avoids the possibility of having two appeals in the same case. *Schomaker v. Dean*, 201 Pa. 439, 50 A. 923 (1902). When the lower court denies a petition to open judgment, the defendant has the right to appeal immediately by virtue of 12 P.S. §1100. An order denying a petition to open, however, is a "final order" because the defendant is precluded from presenting the substantive merits of his claim to the lower court. If the defendant chooses to appeal that decision, he must do so within thirty days.

*Smith v. Dale,* supra, and *Home Building and Loan Assoc. v. Houlihan,* supra, hold only that the failure to appeal does not prevent the court of original jurisdiction from retaining the power to revoke or modify a decision denying a petition to open. Those cases do not provide that the failure to appeal from an order denying a petition to open allows an appeal to be filed beyond the statutory period. If the appellant's position were accepted, the thirty-day period in which to take an appeal would become virtually meaningless, because the defendant could obtain appellate review of the order denying the petition to open at any time. 12 P.S. §1100 says only that the aggrieved party "may appeal therefrom." Because it does not specify when the appeal must be taken, the time limit of the Appellate Court Jurisdiction Act must apply.

Judgment affirmed.