Walnut-Juniper Company *v.* McKee, Berger & Mansueto, Inc., Appellant.

2

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert I. Tuteur,* and *Eilberg, Corson, Getson & Abramson,* for appellant.

*L. Gerald Rigby* and *Richard J. Braemer,* for appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

Appellant contends that the court below improperly denied its petition to open judgment entered by confession pursuant to a written lease with an agent of appellee.

Appellant is a New York corporation; appellee is a limited partnership. Appellant leased from appellee cer-

tain office space in a building located at 1315 Walnut Street, Philadelphia. The term of this lease ("Old Lease") extended from October 1, 1972, to September 30, 1977. When the appellant vacated the premises sometime in August, 1973, it notified appellee and requested that appellee find a subtenant. Appellant defaulted on the August and September, 1973 rental payments, and appellee took judgment by confession pursuant to the terms of the Old Lease. Appellee, however, agreed to the satisfaction of this judgment in return for appellant's payment of rental arrearages and execution of a second lease ("New Lease"). The terms of the New Lease were substantially the same as those of the Old Lease, and were effective October 1, 1973.

Although not entirely clear from the record, sometime prior to November 1, 1973, appellee found a subtenant. The prospective subtenant, however, would not agree to payment of certain costs contained in the New Lease as additional rent, specifically those contained in paragraph 42 providing for payment of tax increases during the term and payment of a proportionate share of costs incurred in operation and maintenance of the building. The subtenant also refused to pay the costs of remodeling the premises to meet its specifications. Appellant maintains that it rejected the subtenant and enlisted the services of an agent to find a subtenant who would either take the premises as is or assume the costs of remodeling. Despite appellant's objection to this subtenant, appellee entered into a sublease agreement and commenced remodeling. Upon discovery of the fact that appellee had taken possession of the premises and had already undertaken substantial remodeling, appellant refused to pay the November rent.

On July 1, 1974, appellee filed its complaint seeking judgment by confession. Judgment was entered in the amount of $25,446.15 of which $2,166.67 was attributed to the November, 1973 rent, $16,054.95 was attributed

to estimated building maintenance costs and estimated tax increases for the balance of the term which the subtenant refused to assume, $6,012.81 was attributed to remodeling costs incurred in preparing the premises for the subtenant, and attorney's fees computed at five per cent. On August 8, 1974, appellant filed a petition to open judgment, asserting that appellee's entry into the sublease agreement with a subtenant it had rejected and the commencement of remodeling amounted to an eviction, and excused further obligation under the New Lease. In its answer, appellee asserted that appellant was in breach of the lease for failure to occupy the premises and for failure to pay the November, 1973 rent, thereby justifying the subleasing arrangement as a mitigation of damages and as a forfeiture authorized under provisions of the New Lease.

On February 5, 1975, the court below granted the petition to open judgment to the extent of $6,313.45, the damages attributed to remodeling and attorney's fees incident thereto, and denied the petition to open in respect to the balance, $19,132.70. A timely appeal was filed pursuant to 12 P.S. §1100.[1]

In order for a petition to open a confessed judgment to prevail, the petitioner must act promptly and aver a meritorious defense.[2] *Wenger v. Ziegler*, 424 Pa. 268,

---

1. Act of May 20, 1891, P.L. 101, §1.

2. The lower court's opinion erroneously sets out *three* tests as prerequisite to the exercise of its discretion: "(1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) a defense must be shown to exist on the merits." Requiring an explanation of default or delay is not appropriate in a case where judgment was taken by confession. Such a requirement is relevant only in those cases where judgment is taken as a sanction for untimely pleading or for failure to appear in court. *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970); *Cherry Steel Corp. v. Ashbourne Country Club*, 227 Pa. Superior Ct. 433, 323 A. 2d 231 (1974). The lower court erred in requiring petitioner to do more than promptly file and aver a meritorious defense.

226 A. 2d 653 (1967); *Cheltenham National Bank v. Snelling*, 230 Pa. Superior Ct. 498, 326 A. 2d 557 (1974). There being no contention that appellant delayed in filing the petition to open, it is only necessary to consider whether appellant's petition to open averred a meritorious defense.

Appellant's petition alleged that appellee's conduct amounted to an eviction. An eviction is any unlawful act of a landlord which deprives a tenant of the beneficial enjoyment of the demised premises and which manifests an intent to hold adversely to the tenant. *Kahn v. Bancamerica-Blair Corp.*, 327 Pa. 209, 193 A. 905 (1937); *Adler v. Sklaroff*, 154 Pa. Superior Ct. 444, 36 A. 2d 231 (1944). An eviction suspends the obligation of a tenant to pay rent. *Chelten Avenue Building Corp. v. Mayer*, 316 Pa. 228, 172 A. 675 (1934); *Adler v. Sklaroff*, supra. Appellee's argument that one out of physical possession cannot complain of an eviction finds no support in the law and is without merit. It is clear that appellant's allegations, if proven, would constitute a valid defense to liability under the lease.

The lower court, however, held that appellant's failure to occupy the premises for all or part of the month of October, 1973, was a default under the New Lease. The court, in effect, held that the defense of eviction was not available to appellant because he was already in breach, thus giving the appellee the right to secure a new tenant. It becomes necessary, therefore, to determine whether appellant was in fact in breach of the New Lease, and, if so, whether that breach was excused.

It is clear that occupancy by appellant was never contemplated by the parties when the New Lease was signed. Rather, both parties expected appellant to pay rent only until a mutually acceptable subtenant was found. As stated above, appellant had vacated the premises over a month before the New Lease was signed. Special provisions were added to the New Lease which

defined more clearly appellant's right to sublease.[3] Appellee was acting on appellant's instructions in soliciting a subtenant. Thus, appellant's failure to occupy the premises did not constitute a breach of the New Lease. Furthermore, even if appellant's failure to occupy were a breach, that breach would be excused. First, on the state of this record, we cannot determine exactly when appellee entered into the subleasing arrangement. It is entirely possible that appellant was evicted prior to October 1, 1973. If this is true, compliance with the lease would have been impossible. This issue of fact can only be resolved in further proceedings. Second, the length of time involved here was so short as to render the alleged breach *de minimus*. Third, it is clear that appellee's acquiescence in the situation estops him from asserting the vacant condition of the premises as a default. For these reasons, appellant's failure to occupy cannot be asserted as a breach of the New Lease.

The lower court also denied relief because appellant failed to plead in response to appellee's answer.[4] It would

---

3. Paragraph 7 of the Old Lease provided that the lessee would not assign or sublease without the consent of the lessor. In the New Lease, paragraph 7 was augmented by the words "and such consent will not be unreasonable held (sic)" and by a rider, which provided: "Notwithstanding the provisions of Paragraph 7(b) hereof, lessor agrees to give its consent to a sub-lease of the demised premises by lessee provided the following:

(a) the sub-lessee is a company whose net worth is at least equal to that of the lessee and sub-lessee pays at least the first two months rent in advance;

(b) the sub-lessee shall use the demised premises only for general office purposes which shall not be contrary to law;

(c) the lessee shall not be relieved of any liability under this lease."

4. In its opinion, the lower court stated: "Under Pennsylvania Rule of Civil Procedure 209, the moving party can either take depositions on disputed issues of fact or can order the cause for argument on the petition and answer. In the event, the moving party fails to take depositions on disputed factual issues, as in the instant

appear that the court misapplied Rule 209, Pa. R.C.P. Rule 209 was incorporated into the procedure for petitions to open judgment by our Supreme Court: "If issues of fact are present, Pa. R.C.P. 209 gives the moving party the right to take depositions in support of his position within fifteen days after the filing and service of the answer, and to have the application to open the judgment heard on the petition, answer and depositions. *If this right is not exercised then the issue is ripe for argument and decision upon the pleadings alone, in which event, the averments of the answer so far as they are responsive to those of the petition, would have to be taken as true: Vallish v. Rapoport, 364 Pa. 25, 70 A. 2d 616 (1950)." Smith v. Dale,* 405 Pa. 293, 296, 175 A. 2d 78, 80 (1961) (Emphasis added). In the instant case, the pleadings raised no factual dispute; hence, there was no necessity for appellant to plead further or to offer depositions in support of its position. Appellee admits it subleased the premises and commenced remodeling without appellant's consent. Appellee's contention that vacating the premises was a breach of the lease was a conclusion of law, not fact, and required no response.

A lower court's disposition of a petition to open judgment is a matter of discretion, and will not be overturned in the absence of a clear, manifest abuse of that discretion. *Pappas v. Stefan,* 451 Pa. 354, 304 A. 2d 143 (1973) ; *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A. 2d 128 (1971). We are convinced that the law was not correctly applied in the instant case. Appellant acted

case, all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule. *Smith v. Dale,* 405 Pa. 293, 175 A. 2d 78 (1961). Since the plaintiff averred, *inter alia,* that the judgment by confession was the result of defendant's breach of the lease agreement and since defendant is deemed to have admitted these averments by operation of Rule 209, this Court must accept these averments and conclude that the defendant has failed to reasonably explain the default."

promptly and his petition averred a meritorious defense with sufficient factual specificity to require the opening of the judgment.

The order of the lower court is reversed insofar as it denied the petition to open judgment; the order of the lower court is affirmed insofar as it granted the petition to open judgment; and the case is remanded to the court below for further proceedings consistent with this opinion.