Gloria Lee, Appellant *v.* Zoning Board of Adjustment of the City of Philadelphia and the City of Philadelphia, Appellees.

Argued June 6, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Ralph David Samuel,* with him, *Jean R. Sternlight, Samuel & Ballard, P.C.,* for appellant.

*Joy J. Bernstein,* Assistant City Solicitor, for appellees.

OPINION BY JUDGE PALLADINO, August 8, 1985:

This is an appeal by Gloria Lee (Appellant) from an order of the Court of Common Pleas of Philadelphia County (trial court) which quashed an appeal

taken by Appellant from an order of the Zoning Board of Adjustment of the City of Philadelphia (Board) denying Appellant's request for a rehearing.

In 1982, Appellant filed an application for a variance for her property at 638 South 60th Street in Philadelphia which was denied by the Board on October 1, 1982. On October 7, 1982, Appellant filed a request for a rehearing which the Board denied on October 29. On November 1, 1982 Appellant filed an appeal with the trial court which was never perfected because service was not made and Appellant withdrew the notice of appeal on October 12, 1983. On January 27, 1984 Appellant filed a second request for a rehearing from the original denial of the application for a variance which was again denied by the Board. On February 15, 1984, Appellant filed an appeal in the trial court from the Board's order denying her second request for a rehearing. The Board filed a motion to quash the appeal as untimely. The trial court granted the motion to quash, holding that a denial of a request for a rehearing was not an appealable order and that the appeal had to be taken from the original order denying the variance. Since the original order was issued in October of 1982 and the present appeal to the trial court was not filed until February of 1984, the trial court quashed the appeal as untimely. This appeal followed.

Appellant now argues that the trial court erred in dismissing her appeal as untimely. She essentially argues that a denial of a request for a rehearing is an appealable order and because her appeal from the Board's order denying her second request for a rehearing was filed within thirty days, it was timely. Appellant specifically states that she is *not* seeking to appeal from the October 29, 1982 order of the Board denying her application for a variance, rather, she states that if she is successful on this appeal, the

greatest relief to which she would be entitled would be a rehearing.

In *Kravitz v. Zoning Board of Adjustment*, 415 Pa. 97, 202 A.2d 64 (1964), the applicant therein filed a request for a use certificate which was denied by the Board. Eight days later, the applicant filed an application for rehearing which the Board denied ten days later. The applicant then filed an appeal to the Court of Common Pleas of Philadelphia less than thirty days after the Board's order denying the rehearing but forty-one days after the original order denying the use certificate. At the time of the *Kravitz* decision, as now, appeals from orders of the Board had to be filed within thirty days. Although the trial court in *Kravitz* refused to quash the appeal, the Supreme Court reversed, stating:

It is well settled that the appeal period . . . was not extended by the request or informal motion for re-hearing, where no stay of the proceedings was granted. Smith v. Jones, 369 Pa. 13, 85 A.2d 23; Blank v. Board of Adjustment, 390 Pa. 636, 136 A.2d 695; Ifft v. Hunter, 202 Pa. Superior Ct. 487, 198 A.2d 436.

415 Pa. at 99, 202 A.2d at 64.

In the present case, no stay of proceedings was available to Appellant. The Philadelphia Zoning Board of Adjustment Regulations specifically provide that a request for a rehearing shall not stay the time for taking an appeal from the Board's decision. In analogous situations Pennsylvania case law has firmly established that a request or denial of a petition for reconsideration or rehearing does not toll the statutorily mandated appeal period. *See, e.g., Cumberland Valley Savings and Loan Association v. Myers,* 396 Pa. 331, 153 A.2d 466 (1959); *Kemmerer Appeal,* 46 Pa. Commonwealth Ct. 455, 405 A.2d 1108

(1979). Furthermore, the Pennsylvania Rules of Appellate Procedure, although not controlling on the trial court, present persuasive authority for the proposition that time to appeal to the Court of Common Pleas is not stayed or tolled by the filing of a petition for reconsideration or rehearing. Only when the lower tribunal affirmatively and timely grants reconsideration is the appeal period tolled. *See* Pa. R.A.P. 1701(b).[1] If reconsideration is timely granted, the appeal period begins to run anew from the decision on reconsideration. *See* Pa. R.A.P. 1701(b)(3). Thus, the Board's denial of Appellant's second request for a rehearing did not toll the time to appeal from the Board's original decision. Not having filed her appeal timely, the trial court properly quashed it.

Appellant's contention that the relief to which she is entitled is a rehearing is in error, for if a rehearing were ordered, the Board would be required to issue another order on the merits of the original request for a variance. Appellant would then be entitled to file a timely appeal, thus circumventing her original failure to file a timely appeal. We will not permit Appellant to achieve a result through the rear door when such a result cannot be achieved by entering through the front door.

Accordingly, the order of the trial court is affirmed.

ORDER

AND Now, August 8, 1985, the April 14, 1984 order of the Court of Common Pleas of Philadelphia County at No. 2170 February Term, 1982, is affirmed.

---

[1] The prudent course for a litigant who seeks a rehearing and a preservation of his or her right to appeal is to file a request for rehearing and a notice of appeal simultaneously. *See* Note to Pa. R.A.P. No. 1701.

24

## AMENDED ORDER

AND Now, August 15, 1985, the order filed August 8, 1985 is hereby amended to read:

The April 14, 1984 order of the Court of Common Pleas of Philadelphia County at No. 2170 February Term, 1984, is affirmed.