# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Alton D. Brown,<br>     Appellant | : <br> : <br> : |
|     v. | : No. 336 C.D. 2017<br>: SUBMITTED: September 15, 2017 |
| Tom Wolf, John E. Wetzel, Daniel Burns,<br>Robert Gilmore, Deputy Dialesandro,<br>Major Leggeit, Mike Zaken, A.J. Morris,<br>Sgt. Trout, Sgt. Tikey, Capt. Schrader,<br>Michael Troyan, Lt. Medvec, Capt. Durco,<br>S. Silbaugh, Tracy Shawley, Dean Geehing,<br>Karen Patterson, Jayme E. Gardner, Dorina<br>Varner, Correct Care Solutions, Byunghak<br>JM, Irma Vihlidal, Dr. Park, Dr. Albert,<br>Dr. Malhi, Lt. Stickles, C.O. Mahalsky, K.<br>Petty, Nurse J. Watson, Nurse Whitmeyer,<br>Nurse Felton, Todd H. Funk, Neda Grego,<br>Margaret Gordan, Elon Mwaura, John<br>McAwany, C.H. Oppman, Kyle Guth, S.<br>Liberatore, B. Jordan, Dr. Carl Keldie, C.O.<br>Imhoff, and Pharmacist | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**        **FILED: November 9, 2017**

   Alton D. Brown, an inmate, appeals *pro se* from a February 21, 2017,
order of the Court of Common Pleas of Greene County (common pleas) denying his
request for an order requiring the Prothonotary of Greene County to file Brown's
alleged appeal from an October 17, 2016, order denying his application for leave to

proceed *in forma pauperis* (IFP) and concluding that he had been deemed an abusive litigator under Section 6602(f)(1) and (2) of the Prison Litigation Reform Act (PLRA).[1]  In addition, we consider the above-named Appellees' May 2017 application to Commonwealth Court seeking revocation of Brown's IFP status under the PLRA, which we granted in April 2017.  For the reasons that follow, we affirm common pleas' order and grant Appellees' application.

In October 2016, common pleas entered an order denying Brown's August 2016 application for leave to proceed IFP based on its determination that he had been deemed an abusive litigator.[2]  Record, Item Nos. 18 and 19.  Subsequently, Brown filed a November 2016 motion for reconsideration, therein acknowledging that he had three strikes but asserting that he had pled averments sufficient to satisfy

---

[1] Commonly referred to as the "three strikes rule," Section 6602(f) (1) and (2) of the PLRA provides:

> **(f) Abusive litigation. –** If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. *The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.*

42 Pa. C.S. § 6602(f)(1) and (2) (emphasis added).

[2] Common pleas acknowledged that a typo indicated that the order was filed October 17, 2017. Record, Item No. 6.

2

the exception for prisoners in imminent danger of serious bodily injury found in Section 6602(f)(2). *Id.*, No. 16. Common pleas denied Brown's motion in December 2016. *Id.*, No. 15 at 1. In January 2017, he filed a request for an order requiring the Prothonotary to file his allegedly proffered appeal dated November 15, 2016. *Id.*, No. 14 at 1. Common pleas denied his request in February 2017 and Brown's March 2017 appeal followed.[3] *Id.*, No. 11 at 1.

On appeal, Brown maintains that common pleas erred in refusing to grant his request requiring the Prothonotary to file his allegedly tendered appeal from the court's October 21, 2016, order. There is no evidence, however, that he proffered a timely appeal.[4] Specifically, despite the fact that he averred in his request that he "submitted a notice of appeal to [common pleas], dated November 15, 2016 (Exhibit A), which the Prothonotary has apparently ignored, and has refused to respond to his several inquiries regarding same[,]" there is no Exhibit A to the request. Record, Item No. 14 at 1. Moreover, despite the fact that Brown's November 3, 2016, motion for reconsideration is included in both the docket entries and the record, that motion did not toll the time for appeal. *Lee v. Zoning Bd. of Adjustment*, 496 A.2d 885, 887 (Pa. Cmwlth. 1985). In the absence of evidence of a proffered timely appeal, we conclude that the court did not err in refusing to grant Brown's request. We turn next to Appellees' application seeking revocation of Brown's IFP status.

---

[3] In June 2017, this Court entered an order quashing Brown's appeal as untimely in light of the fact that the last day to file an appeal from common pleas' October 17, 2016, final order would have been November 16, 2016. In addition, we dismissed as moot Appellees' application seeking revocation of Brown's IFP status. Subsequently, we granted Brown's application for reconsideration, vacated our prior order, and directed that Appellees' application be considered with the merits of Brown's appeal. June 22, 2017, Order of Commonwealth Court.

[4] Pursuant to Pa. R.A.P. 903(a), an appeal must be filed within thirty days after entry of the order from which the appeal is taken.

Brown maintains that he satisfied the exception for prisoners in imminent danger of serious bodily injury via his averments and the three exhibits attached to his August 2016 complaint. His position is without merit. By way of illustration, the attached April 2016 grievance denial provides:

> Your medical record and grievance have been reviewed. Dr. Halhi thoroughly assessed you on 3/31/16 for your concerns of weight loss and generalized weakness. Dr. Halhi notes: . . . A full body assessment was completed which included past medical history of COPD, GERD, Hep C and Prostate cancer. Medications were also reviewed along with labs. . . .
>
> You arrived at SCI Greene on 5/11/15. The medical Director was made aware of your elevated prostate level and you did agree to a PSA Lab which was 57.65. You were immediately scheduled with the Oncology Specialist, Dr. Malhotra. Orders received for CT Scan of pelvis/abdomen on 12/14/15 but you refused; [o]n 12/25/15 you did agree to have above scan of entire body; on 1/4/16 you refused telemed with Dr. Shark, the Urologist, for a Prostate biopsy and on 2/24/16 you refused an annual physical.
>
> In conclusion: Your record notes numerous . . . refusals dating back to SCI Graterford 2013 for Cystoscopy, Prostate biopsy, preps lab work; SCI Smithfield 2013 for lab work, chronic care clinics, physical exam; 2014 Lab work PSA test, sick call and medical lines. I encourage you go sign up for sick call to address your concerns with the provider.

Record, Item No. 19, Exhibit A. Accordingly, Brown failed to make credible allegations to support his claim of imminent danger of serious bodily harm. *See Brown v. Pa. Dep't of Corr.*, 58 A.3d 118, 123 (Pa. Cmwlth. 2012) (holding that, absent supporting documentation, this Court is not obligated to accept as credible allegations in an inmate's complaint of an alleged imminent danger of serious bodily injury) *and Brown v. Pa. Dep't of Corr.*, (Pa. Cmwlth., No. 3 M.D. 2017, filed July

4

28, 2017) (order denying Brown's application for special relief in the nature of a preliminary injunction where he failed to provide the Court with any extrinsic evidence, including medical documentation, supporting his claim that he was in imminent danger of physical injury as a result of prison conditions).

For the above reasons, therefore, we affirm common pleas' order denying Brown's request for an order requiring the Prothonotary to file his alleged appeal from the October 27, 2016, order and grant Appellees' application for relief seeking revocation of Brown's IFP status.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                :
             Appellant      :
                       :
          v.             : No. 336 C.D. 2017
                       :

Tom Wolf, John E. Wetzel, Daniel Burns, :
Robert Gilmore, Deputy Dialesandro, :
Major Leggeit, Mike Zaken, A.J. Morris, :
Sgt. Trout, Sgt. Tikey, Capt. Schrader, :
Michael Troyan, Lt. Medvec, Capt. Durco, :
S. Silbaugh, Tracy Shawley, Dean Geehing, :
Karen Patterson, Jayme E. Gardner, Dorina :
Varner, Correct Care Solutions, Byunghak :
JM, Irma Vihlidal, Dr. Park, Dr. Albert, :
Dr. Malhi, Lt. Stickles, C.O. Mahalsky, K. :
Petty, Nurse J. Watson, Nurse Whitmeyer, :
Nurse Felton, Todd H. Funk, Neda Grego, :
Margaret Gordan, Elon Mwaura, John :
McAwany, C.H. Oppman, Kyle Guth, S. :
Liberatore, B. Jordan, Dr. Carl Keldie, C.O. :
Imhoff, and Pharmacist

# **O R D E R**

AND NOW, this 9th day of November, 2017, the order of the Court of Common Pleas of Greene County is hereby AFFIRMED. Further, Appellees' application seeking revocation of Appellant Brown's *in forma pauperis* status is GRANTED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge