Chamberlin of Pittsburgh, Inc., Appellant, *v.* Fort Pitt Chemical Company.

Argued November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Homer W. King,* for appellant.

*Beverly A. Gazza,* with her *James M. Arensberg,* and *Tucker, Arensberg & Ferguson,* for appellee.

OPINION BY VAN DER VOORT, J., December 1, 1975:

Appeal is taken to this Court from an Order of the Allegheny County Common Pleas Court granting appellee's motion for judgment on the pleadings.

On January 20, 1967, appellant filed a complaint in assumpsit against appellee in the Court of Common Pleas. As subcontractor on a construction job for the Pittsburgh Housing Authority, appellant had purchased a caulking compound from appellee. The prime contractor, M.S.I. Corporation (hereinafter MSI), informed appellant that the caulking work would have to be redone; and faced with this possible claim, appellant filed suit, alleging breach of warranty of fitness and asking for damages in the amount of fifteen thousand ($15,000.00) dollars.

On May 26, 1967, the prime contractor sued the Pittsburgh Housing Authority in Federal Court for full payment on the construction contract.[1] The Housing Authority counter-claimed and filed a Third-Party Complaint against appellant, which in turn filed a Fourth-Party

---

1. Before the United States District Court for the Western District of Pennsylvania at Civil Action No. 67-657.

Complaint against appellee. In the latter complaint, appellant claimed damages of fifteen thousand ($15,000.00) dollars for the allegedly defective and inadequate caulking compound. On September 28, 1972, this federal action was dismissed with prejudice pursuant to stipulation entered into by all parties in interest.[2]

On October 18, 1973, appellant amended its Common Pleas complaint by changing the ad damnum clause to claim only the amounts of money which MSI retained from appellant because of alleged faulty caulking, viz., $3,733.50. Thereafter, on December 18, 1973, appellee moved for judgment on the pleadings, alleging that the federal action's stipulation estopped appellant from proceeding in Common Pleas Court. Said motion was granted.

Appellant argues that it and appellee were not involved in the settlement negotiations which resulted in the dismissal with prejudice of the Federal Court claim. Appellant further claims that the stipulation upon which its suit in Federal Court was dismissed makes no reference to the suit in Common Pleas Court and does not affect it. It is true that the stipulation in question makes no reference to the action in the Court of Common Pleas but it together with the order of the court dismissing appellant's claim against the appellee with prejudice does affect appellant's claim.

The pertinent allegations of appellant's Common Pleas complaint and its Federal Fourth-Party Complaint are virtually identical. In both it alleges that appellee supplied a butyl caulking compound which was warranted to be fit for the particular job. In both, appellant alleges that said compound was not adequate in that it "shrank, cracked and pulled away from the various joints to which it was applied admitting moisture and causing damage

---

2. It is noted that a Fifth-Party Defendant, John A. Grove, Jr., *et al.*, entered into the stipulation; no claims against this defendant are involved in this appeal.

to the said structures. . . ." In both, appellant seeks damages of fifteen thousand ($15,000.00) dollars.

We must address ourselves to the effectiveness of the stipulation. The jurisdiction of the Federal Court over the Third-Party complaint was effected pursuant to that court's procedural rules.

A stipulation made therein becomes the law of that case, the parties being free to bind themselves in all matters not affecting the jurisdiction and prerogatives of the court. *Foley Brothers, Inc. v. Commonwealth of Pennsylvania*, 400 Pa. 584, 163 A.2d 80 (1960) and *DeCarbo, DeSanzo, Brest and Leymarie v. Elwood City*, 3 Pa. Commonwealth Ct. 569, 284 A.2d 342 (1971). When appellant and appellee executed the stipulation, they established the rights as between themselves. The subsequent order of "dismissal with prejudice" finalized their rights as would a judgment on the merits. See *Sustrik v. J. & L. Steel Corp.*, 413 Pa. 324, 197 A.2d 44 (1964). Consent between the parties, and court order applicable thereto, "is not a legal determination by the court of the matters in controversy, . . . [but] it binds the parties with the same force and effect as if a final decree has been rendered after a full hearing upon the merits. . . ." *Zampetti v. Cavanaugh*, 406 Pa. 259, 265, 176 A.2d 906, 909 (1962).

The rights having been determined between appellant and appellee in the Federal judicial forum, that determination is applicable with respect to the same parties and the same subject matter in the Common Pleas forum. While Pennsylvania courts are not bound by federal court procedure, the principle of res judicata applies as to substantive questions. *London v. Philadelphia*, 412 Pa. 496, 194 A.2d 901 (1963). Determination of the rights between parties is a substantive matter. Res judicata will apply when there is the same cause of action, the same claim made, the same persons and parties to the action, and the same quality of persons

for or by whom the claim was made. Appellant's language in its pleadings being the same in both his federal and state claims, we find the foregoing identities to be present and res judicata to apply. Retrial in the Court of Common Pleas of an issue finally decided in Federal Court, in which jurisdiction was proper, would be violative of the principle of res judicata and would raise the possibility of different decisions on the same question. See *London v. Philadelphia, supra.*

While we do not wish to speculate on what might have transpired in regard to the instant procedure, we do recognize precedent that had appellant excepted its claim from the stipulation, then the issue it now raises would not have been resolved and its claim could be further litigated. See *Tucker v. Reading Co.,* 54 F.R.D. 601 (1972) ; *First National Bank v. Marine City, Inc.,* 411 F.2d 674 (3d Cir. 1969) ; *Fogel Refrigerator Co. v. Oteri,* 398 Pa. 82, 156 A.2d 815 (1959) ; and *Reeves v. Philadelphia Gas Works,* 107 Pa. Superior Ct. 422, 164 A. 132 (1933).

The parties having decided specific rights as between themselves in the Federal Court stipulation, these rights having been finalized by the Federal Court order dismissing with prejudice, and the same being transferred to the Common Pleas' cause of action by law of res judicata, we affirm the lower court's order granting judgment on the pleadings.

JACOBS, HOFFMAN, and CERCONE, JJ., dissent.