618 A.2d 1213

Norrece JONES, Appellant,

v.

Warner H. WHITING and Urban Modernization
and Construction Co., Inc., Appellees.

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Dec. 21, 1992.

David S. Winston, for appellant.

Joy Waters Fleming, Prosecutor for State Real Estate Com'n, for appellees.

Before McGINLEY, PELLEGRINI and KELLEY, JJ.

PELLEGRINI, Judge.

Norrece Jones (Jones) appeals from an order of the Court of Common Pleas of Philadelphia County, denying his Petition for payment from the Real Estate Recovery Fund for failure to meet the requirements of Section 803 of the Real Estate Licensing and Registration Act (RELRA).[1]

Jones, a retiree, met in 1986 with Warner H. Whiting, (Whiting) real estate broker and owner of Urban Modernization and Construction Co., Inc., (Urban Modernization) to discuss the possibility of loaning Whiting money to renovate residential properties to provide homes for people who could not afford housing. Whiting indicated that he would offer Jones 15% interest on every loan made to him by Jones. Jones agreed to the proposal and made three loans to Whiting between September of 1986 and September of 1988.[2] The loans totalled $20,000 and were secured by one-year mortgages on the residential real estate owned by Whiting and Urban Modernization. Jones received interest on the loans until March 1, 1990, when interest payments ceased. Although

---

1. Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. § 455.803.

2.

| Date | Loan Amount | Location of Property |
|------|-------------|----------------------|
| 9/29/86 | $10,000 | 3520 Westminster, 1039 S. Frazier |
| 4/01/87 | 5,000 | 3520 Westminster, 1039 S. Frazier |
| 9/30/88 | 5,000 | 5338 Chestnut Street |

Jones requested redemption of the loans, Whiting refused to make any further payments.

Jones filed a civil complaint against Whiting and Urban Modernization, requesting damages in the amount of $20,000 plus interest and legal costs. Because Whiting and Urban Modernization failed to file an answer to Jones' complaint, a default judgment was entered against them in the amount of $22,375. Approximately six months later, Jones filed an affidavit with the trial court alleging that he had been induced to loan Whiting money as a result of Whiting deceiving and misrepresenting his intentions to Jones. Around this same time, Jones became aware that Whiting had filed a Chapter 7 bankruptcy in the United States Bankruptcy Court, Eastern District of Pennsylvania. Jones never filed a claim as a creditor in that proceeding.

Relying on the default judgment, Jones filed an application with the trial court [3] requesting payment from the Real Estate Recovery Fund (Fund) pursuant to Section 803 of the RELRA. Jones alleged that he was entitled to payment from the Fund because he had received a final judgment on grounds of fraud, misrepresentation or deceit, and had exhausted all remedies to collect the money owed to him as Whiting was insolvent. The trial court denied Jones' Petition on the basis that he had failed to produce clear and convincing evidence that Whiting had induced him to loan Whiting money for the housing rehabilitation project through fraud, misrepresentation or deceit. Additionally, the trial court determined that regardless of Whiting's insolvency, Jones had not demonstrated that he had exhausted all available remedies to collect on the judgment, because as a secured creditor, he could still file his judgment under Whiting's bankruptcy action for at least partial satisfaction. Jones then filed this appeal.[4]

3. Jones initially filed a Petition with the State Real Estate Commission for repayment from the Real Estate Recovery Fund, but that was not required pursuant to the RELRA.

4. Our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law, or made findings of fact not based on substantial evidence. *Magill v. Commonwealth*, 104 Pa.Commonwealth Ct. 517, 522 A.2d 172 (1987).

The only issue before us is whether Jones complied with the necessary requirements under Section 803 of the RELRA which would allow him to receive reimbursement from the Fund for his monetary losses. Section 803 of the RELRA provides in pertinent part the following:

(a) When any aggrieved person *obtains a final judgment* in any court of competent jurisdiction against any person licensed under this act, *upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license or registration certificate is required* ..., the aggrieved person may, upon termination of all proceedings, file an application in the court in which the judgment was entered for an order directing payment out of the Real Estate Recovery Fund of the amount unpaid upon the judgment.

(b) The aggrieved person shall be required to show: ...

(2) That he obtained a final judgment as set out in this section.

(3) That all reasonable personal acts, rights of discovery and such other remedies at law and in equity as exist *have been exhausted* in the collection thereof. (Emphasis added.)

Jones contends that the trial court erred in denying his application for recovery from the Fund because even though his complaint did not allege fraud, misrepresentation or deceit, he made allegations in his affidavit that he had been induced to loan Whiting money as a result of Whiting deliberately deceiving him and misrepresenting his intentions regarding the housing project.

In order for Jones to have met the requirement that the final judgment be obtained upon grounds of fraud, misrepresentation or deceit, Jones' complaint would have had to allege one or more of those grounds and a judgment would have had to be entered in his favor on that basis. Because Jones' complaint did not allege fraud, misrepresentation or deceit, he did not satisfy that requirement of Section 803 of the REL-

RA.[5] Even though Jones contends that his subsequent filing of an affidavit making allegations of misrepresentation and deceit cured the defect in his complaint, Section 803 of the RELRA requires that the final judgment be obtained on those grounds. The subsequent filing of an affidavit does not satisfy that requirement.[6]

Consequently, because Jones failed to prove that he met one of the requirements of Section 803 of the RELRA, the trial court properly determined that he was not entitled to reimbursement from the Fund for his monetary losses. Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 21st day of December, 1992, the order of the Court of Common Pleas of Philadelphia County, dated April 2, 1992, is affirmed.

---

**5.** The Commission, in its denial of repayment from the Fund, did not raise the issue of whether a default judgment was sufficient to satisfy the requirements of Section 803 of the RELRA when the complaint upon which the default judgment was entered alleged fraud, misrepresentation or deceit. *See Department of Environmental Resources v. Allias*, 20 Pa.Commonwealth Ct. 222, 341 A.2d 226 (1975).

**6.** Jones also argues that he met the other necessary requirements of Section 803 of the RELRA because 1) the negotiations for the loans made by him to Whiting were for an "interest" in real estate because they were secured by mortgages on the property, and as such, were the type of activity for which Whiting had to be licensed; and 2) he exhausted all his remedies for collection of payment because Whiting was insolvent. However, because we have determined that Jones failed to prove that he obtained a final judgment upon grounds of fraud, misrepresentation or deceit, we need not address whether he has met the other requirements of Section 803 of the RELRA.