Meril T. BRANCH

v.

Lee COHEN, Lawrence Mazer, I.W. Levin & Co., Stanton Mortgage Co. and Zenith Abstract Co. and Pennsylvania Real Estate Commission Real Estate Recovery Fund.

Lee Cohen, Appellant.

Paul L. Miller

v.

Lee Cohen, Lawrence Mazer, I.W. Levin & Co., Stanton Mortgage Co. and Zenith Abstract Co. and Pennsylvania Real Estate Commission Real Estate Recovery Fund.

Lee Cohen, Appellant

Commonwealth Court of Pennsylvania.

Argued March 8, 1999.

Decided Aug. 4, 1999.

Reargument Denied Sept. 28, 1999.

---

Bennett Block, Philadelphia, for appellant.

Elliot B. Platt, Philadelphia, for appellees, M. Branch and P. Miller.

Byron F. Walker, Harrisburg, for appellee, Pennsylvania Real Estate Commission.

Before KELLEY, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Before us are consolidated appeals by Lee Cohen (Cohen) from orders granting petitions for recovery from the Pennsylvania Real Estate Recovery Fund (Recovery fund or Act)[1] to Meril Branch and Paul Miller (Appellees), entered in the Court of Common Pleas of Philadelphia County, the First Judicial District (trial court). We affirm and remand for further proceedings consistent with this opinion.

Appellees commenced actions in the United States District Court for the Eastern District of Pennsylvania (District court) against Lee Cohen and I.W. Levin & Co., Inc. (Levin), seeking money damages from Cohen and Levin, real estate licensees, for alleged violations of the Racketeer Influenced and Corrupt Organization Act (RICO)[2], by engaging in alleged acts of mail fraud, conspiracy to violate RICO, and common law conspiracy, breach of fiduciary duty and fraud. Judgments of default were entered by the District court on the matter of liability against Cohen and Levin. Subsequently, on November 22, 1996, the District court entered final judgments of damages in favor of both Appellees. (Branch for $285,067.00 and Miller for $167,404.04). No appeals were taken from these judgments.

On November 14, 1997, subsequent to the conclusion of the litigation and the post-trial proceedings, Appellees filed applications in the District Court against the Commonwealth for recovery of the judgments from the Recovery Fund. The Commonwealth filed motions to dismiss these applications on the grounds that the federal court did not have subject matter jurisdiction to determine the applications because of the Commonwealth's immunity from suit in the federal courts under the 11th Amendment to the United States Constitution.[3] After the Commonwealth's motion was filed, Appellees entered into an agreement with the Commonwealth, pursuant to which they would withdraw their federal applications, enter their judgments in the Court of Common Pleas, and then file applications for recovery against the Recovery Fund in the trial court. In re-

1. Real Estate Recovery Fund Act, Act of February 19, 1980, P.L. 15, as amended, 63 P.S. §§ 455.801–455.803.

2. 18 U.S.C. § 1985, et seq.

3. The 11th Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

turn, the Commonwealth agreed that it would not defend on the basis of the statute of limitations defense or on the basis that the applications were not being filed in the court where the original judgment had been entered. Thereafter, on January 2, 1998, the applications were dismissed by the federal court without prejudice.

On January 5, 1998, Appellees indexed the federal court judgments in the Court of Common Pleas of Philadelphia County and on January 15, 1998, filed applications with the trial court to recover the judgments from the Recovery Fund. Copies of the applications were served on both Cohen and Levin as well as the Recovery Fund. The Real Estate Commission answered the petitions on behalf of the Recovery Fund. However, Cohen did not file a response.

The trial court granted Appellees' applications by orders dated March 11, 1998, and awarded Branch $46,226.75 and Miller $16,851.00 from the Recovery Fund. Cohen then filed a request to vacate or reconsider the March 11, 1998 orders for lack of subject matter jurisdiction. The trial court denied Cohen's requests. He then filed the instant appeal to this Court.

On appeal Cohen raises one issue for our review, whether the trial court lacked subject matter jurisdiction to enter the orders in question because it was not the court which had originally rendered the underlying civil judgment and because Appellees had failed to file their petitions with the trial court within one year of entry of the final judgment as required by the Act. Appellees counter by arguing that Cohen has waived any defense he may have had to the applications for recovery because he failed to file any response to the applications when they were filed. In addition, Appellees argue that the applications for recovery need not be filed in the court which originally rendered the underlying decision, instead the applications only

need to be filed in a court in which the judgments had been entered. Therefore, since the judgments had been entered in the trial court the applications were properly disposed of by the trial court. Also, Appellees contend that their applications were timely filed.[4]

First we will address Cohen's contention that the trial court lacked subject matter jurisdiction to enter the orders in question because the trial court was not the court which had rendered the underlying civil judgments, and Appellees' response that Cohen has waived review of this issue by failing to raise it before the trial court.

Section 803 of the Act provides in relevant part the following:

(a) When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person licensed under this act, upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license or registration certificate is required under this act ... the aggrieved person may, upon termination of all proceedings, including reviews and appeals, file an application in the court in which the judgment was entered for an order directing payment out of the Real Estate Recovery Fund of the amount unpaid upon the judgment.

Cohen argues that the Act does not allow the federal court judgments to be entered into the Common Pleas Court and then applications for payment be made to the trial court. He argues that a strict interpretation of the Act only allows application to be made to the court in which the original judgment was entered. Cohen cites numerous cases concerning statutory construction as the basis for his argument and states that the original court is in the best position to examine the underlying judgment to make the decision on the application under Section 803 of the Act.

4. Our review in this case is limited to determining whether the trial court abused its discretion, committed an error of law, or made findings of fact not based on substantial evidence. *Jones v. Whiting,* 152 Pa.Cmwlth. 297, 618 A.2d 1213 (1992).

Cohen does not cite any specific case squarely addressing this issue, nor can this Court find such a case. For the following reasons based upon the rules of statutory construction we must disagree with Cohen's interpretation of Section 803 of the Act.

The Recovery Fund was established by the legislature to provide reimbursement to persons who are victims of acts of fraud, misrepresentation or deceit committed by real estate licensees. *Murphy v. Today's Properties, Ltd.*, 673 A.2d 6 (Pa.Cmwlth.1996). Our rules of statutory construction make clear that in interpreting statutes we must at all times seek to ascertain and effectuate the legislative intent underlying the enactment of the particular statute. 1 Pa.C.S. § 1921(a). Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words. Where, however, the statute is unclear or susceptible of differing interpretations, the courts must look to the necessity of the act, the object to be attained, the circumstances under which it was enacted and any legislative or administrative interpretations thereof. *Pennsylvania Financial Responsibility Assigned Claims Plan v. English*, 541 Pa. 424, 664 A.2d 84 (1995). In ascertaining the legislative intent of a particular statute it is presumed, *inter alia*, that the legislature did not intend a result that is absurd or unreasonable. *Pelter v. Department of Transportation, Bureau of Driver Licensing*, 663 A.2d 844 (Pa.Cmwlth.1995).

The statute in question here allows that an aggrieved party may, upon termination of all proceedings, file an application in the court in which the judgment was entered for an order directing payment out of the Recovery Fund. The Act does not specifically state that the application must be made in the court in which the judgment was originally rendered or entered. Instead, the Act states only that the application must be filed "in the court in which the judgment was entered". In this case it is not disputed that Appellees' federal judgments were entered in the Court of Common Pleas of Philadelphia County and that this was the court to which Appellees made their application for payment. To hold that the statute only allows application to be made to the court which originally rendered the judgment or the court where the judgment was originally entered could result in absurd and unreasonable results, as would be the case here.

Appellees obtained valid judgments in a federal court. Pursuant to the 11th Amendment, Appellees could not bring suit against the Commonwealth in federal court to be paid from the state legislated Recovery Fund, since the federal courts do not have jurisdiction over the states. If Appellees were not permitted to transfer their valid judgments to a court that would have jurisdiction, they would never be compensated for their loss. This would be contrary to the intent of the Act which is to reimburse victims of acts of fraud, misrepresentation and deceit committed by real estate licensees. Therefore, we conclude that the trial court had subject matter jurisdiction in this matter because the statute does not specifically prohibit application to a court where the judgment has been entered, subsequent to another court rendering the original judgment.[5]

Next, Cohen argues that Appellees failed to file their applications with the trial court within one year of entry of final judgment as required by the Act, therefore

---

5. Appellees argue that Cohen waived review of the argument that the trial court did not have subject matter jurisdiction in this case because he did not raise that issue before the trial court. We note that the Pennsylvania Supreme Court has held that jurisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties. *Commonwealth v. McPhail*, 547 Pa. 519, 692 A.2d 139 (1997). Since the issue of subject matter jurisdiction can never be waived, Appellees' contention that Cohen waived review of the issue is without merit.

they no longer have a right to recover payment from the Recovery Fund. Appellees contend that Cohen has waived any right of review of this issue because, although he was served with Appellees' applications for recovery from the Recovery Fund, he failed to respond to the applications or raise any issues or defenses concerning a statute of limitations before the trial court. Cohen only raised this issue in a request to the trial court to vacate or reconsider the orders, which was denied by the trial court.

A procedurally similar situation was presented to this Court in *Department of Public Assistance v. Ward*, 108 Pa. Cmwlth. 572, 530 A.2d 145 (1987). There, the Department of Public Assistance (Department) failed to respond to a petition to strike off judgment and did not appear before the trial court at the hearing. The trial court granted the requested relief and awarded counsel fees. Thereafter, the Department filed exceptions to the order of the trial court. Argument was never heard on the exceptions because the Department filed an appeal to the appellate court. We held in that case that to allow the Department to raise before the appellate court issues not properly raised before the trial court would be inequitable. Pa. R.A.P. 302(a) bars the resurrection of such issues when it states: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." [6]

■ Again, in the instant case we reach the same conclusion. Cohen was served with Appellees' applications for recovery. He did not respond in any manner to these applications before the trial court or raise the issue that the statute of limitations for recovery had expired. As we observed in *Department of Public Assistance*, to allow Cohen to benefit from his inaction before

the trial court would be inequitable. Accordingly, we conclude that review of the issue by this Court of the expiration of the statute of limitations has been waived.[7]

Finally, the Commonwealth in its response to Cohen's appeal has alerted this Court to the possibility of disingenuous declarations by Appellees as to the exhaustion of remedies in obtaining satisfaction of their judgments. The Commonwealth alleges that it has been informed by the District court that Appellees have been awarded a garnishment against other defendants which were held jointly and severally liable with defendant Cohen in the original federal court civil actions. In their applications to the Recovery Fund, Appellees represented that they had complied with the exhaustion of remedies requirement set forth in Section 803 of the Act. The Commonwealth now requests that in the event that this Court affirms the orders of the trial court, that the amounts awarded Appellees in the trial court orders be offset by the amounts recovered by Appellees through garnishment.

There is no record of the Commonwealth's allegations or the amounts which Appellees may have recovered through garnishment. Therefore, we find it appropriate to remand to the trial court to determine if Appellees have obtained garnishments through the federal court, if those garnishments have any affect on the amount Appellees have recovered from the Recovery Fund, and whether the amounts recovered by the Appellees through the Recovery Fund should be offset by any garnishment received. Accordingly, the case is remanded for further proceedings consistent with this opinion to calculate the

---

6. Further, Pa. R.C.P. 1032 provides that "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply...."

7. We note that while subject matter jurisdiction is an issue which cannot be waived,

*McPhail*, 547 Pa. at 519, 692 A.2d at 139, the issue of whether a party has complied with the statute of limitations can be waived. *Weber v. Wyoming Valley West School District*, 668 A.2d 1218, 1221 (Pa.Cmwlth.1995).

amount Appellees are entitled to receive from the Recovery Fund.

### *O R D E R*

AND NOW, this 4th day of August, 1999, the orders of the Court of Common Pleas of Philadelphia County, the First Judicial District, Branch docketed at No. 118 of January term 1998, dated March 11, 1998, and Miller docketed at No. 120 of January term 1998, dated March 11, 1998, are affirmed in that the trial court had subject matter jurisdiction in these cases. The orders are vacated as to the amounts awarded from the Recovery Fund and the cases are remanded for further proceedings to determine the amounts Appellees are entitled to after taking into account the garnishments awarded by the District court.

Jurisdiction relinquished.