Harriet SMITH and Helen Harrison,

v.

I.W. LEVIN AND COMPANY, INC., Myrna Potts, Stanton Mortgage Corporation, Lee Cohen, Zenith Abstract Company, Harry Walker, Jerry Cohen, Steven Cohen, Harbison Walker Refactories,

Harriet Smith, Helen Harrison, I.W. Levin and Company, Inc., Myrna Potts, Stanton Mortgage Corporation, Lee Cohen, Zenith Abstract Company, Harry Walker, Jerry Cohen, Steven Cohen, Harbison Walker Refactories,

v.

Commonwealth of Pennsylvania, State Real Estate Commission, Real Estate Recovery Fund.

Appeal of State Real Estate Commission, Real Estate Recovery Fund.

Commonwealth Court of Pennsylvania.

Argued March 13, 2002.
Decided June 10, 2002.

Jackie Wiest Lutz, Harrisburg, for appellant.

Harris B. Savin, Philadelphia, for appellees.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

The Commonwealth of Pennsylvania, State Real Estate Commission (Commission), Real Estate Recovery Fund (Fund) appeals from an order of the Court of Common Pleas of Philadelphia County that directed the Fund to pay Harriet Smith (Smith) and other similarly situated individuals (collectively, class members) $100,000 for the unpaid judgment entered in their class action in equity against Myrna Potts (Potts), a licensed real estate salesperson. The issue on appeal is whether the judgment entered against Potts based on the parties' stipulation constitutes a final judgment "upon grounds of fraud, misrepresentation or deceit" under Section 803 of the Real Estate Licensing and Registration Act (Act), Act of February 19, 1980, P.L. 15, *as amended,* 63 P.S. § 455.803, required for recovery from the Fund. We affirm.

The following relevant facts found by the trial court are undisputed. In 1994, Smith, on behalf of herself and other similarly situated individuals, filed an action in equity against, *inter alia,* I.W. Levin and Company, Inc. (Levin), a licensed real estate broker; Stanton Mortgage Company (Stanton); Lee Cohen (Cohen), the real estate broker of record and principal of Levin and Stanton; and Potts. In the second amended complaint, Smith alleged that the defendants fraudulently induced the class members to accept worthless second mortgage notes of buyers as partial payments of the sale price of their homes. The trial court subsequently certified the action as a class action.

In 1998, Smith and Potts entered into "Stipulation of Settlement" (Stipulation), which provided:

> The plaintiffs and defendant [Myrna Potts] hereby stipulate and agree, subject to approval of the Court, that in full settlement of all claims that were asserted or that could have been asserted in this action on behalf of the plaintiff class against defendant Myrna Potts, judgment shall be entered in favor of the plaintiff class and against defendant Myrna Potts in the amount of $175,000.
>
> This Stipulation is not intended to affect, and does not affect, any claims the plaintiffs may have against any other person.
>
> This Stipulation is not intended to nor should it be construed as an admission of liability on the part of Myrna Potts as to any counts of the Complaint. Furthermore, any and all liability on the part of Myrna Potts is hereby expressly denied.
>
> This Stipulation is being entered to by Myrna Potts solely to avoid the time, expense and uncertainty of further litigation.

The plaintiffs' counsel thereafter filed a motion seeking approval of the Stipulation by the trial court. After a hearing held on the motion, the trial court on July 27, 1998 granted the motion and entered judgment in favor of the plaintiffs and against Potts in the amount of $175,000, as stipulated by the parties.[1]

On July 19, 1999, Smith filed a petition with the trial court seeking an order directing the Fund to pay the class members the unpaid amount of the judgment entered against Levin, Cohen and Potts up to $300,000 pursuant to Section 803(a) of the Act, which provides in relevant part:

> (a) When any aggrieved person obtains *a final judgment* in any court of competent jurisdiction against any person licensed under this act, *upon grounds of fraud, misrepresentation or deceit* with reference to any transaction for which a license or registration certificate is required under this act ..., the aggrieved person may, upon termination of all proceedings, including reviews and appeals, file an application in the court in which the judgment was entered for an order directing payment out of the Real Estate Recovery Fund of the amount unpaid upon the judgment. (Emphasis added.)

Section 803(b)(2) of the Act further provides that one seeking recovery from the Fund must show "[t]hat he has obtained a final judgment as set out in this section."[2] In their answer to the petition, the Commission and Potts asserted that the class members may not recover under Section 803(a) of the Act because the judgment against Potts was based on the stipulation of the parties, not on any findings of fraud, misrepresentation or deceit.

In its decision on the petition, the trial court found, *inter alia*, that all the defendants, including Potts, conspired to fraudulently induce, and did induce, the class members to accept the second mortgage notes of the buyers in 137 real estate

---

1. On the same day, the trial court also entered a judgment against Harry Walker, an employee of the abstract company, in the amount of $7500 based on the stipulation of settlement between the plaintiffs and Walker; and entered a default judgment against Levin, Stanton and Cohen in the amount of $4,864,392.

2. Under Section 803(d) of the Act, the liability of the Fund is limited to $100,000 per license. Upon payment of any amount from the Fund in settlement of a claim against a licensee, the license of that person is automatically suspended and may not be reinstated until full repayment of that amount plus interest by that person. Section 803(f).

transactions without informing the class members that those notes were inadequately collateralized, worthless and unenforceable, and that as of February 6, 2001, $135,112.63 remained unpaid on the $175,000 judgment against Potts despite the plaintiffs' reasonable efforts to collect the judgment. The trial court, in two separate orders, directed the Fund to pay the class members $100,000 per Potts' license and $6527.23 per licenses of the other two defendants. The Commission then appealed to this Court, challenging only the trial court's order directing the Fund to pay $100,000 per Potts' license.

■ On appeal, the Commission does not dispute the trial court's findings that Potts engaged in acts of fraudulent misrepresentation, concealment and deceit in the real estate transactions in question and that $135,112.63 remained unsatisfied from the $175,000 judgment against Potts. The Commission contends, however, that the class members cannot recover the unpaid amount of the judgment against Potts from the Fund because the judgment was entered based on the stipulation of the parties in which Potts expressly denied her liability on the claims alleged in the complaint, not on a finding of fraud, misrepresentation or deceit as required by Section 803(1) of the Act. The Commission further contends that the trial court's finding made three years after the entry of the judgment cannot cure the lack of the required finding.[3]

■ The Legislature enacted the Act creating the Fund to protect buyers and sellers of real estate, a most expensive item to most people, from abuse by persons engaged in the real estate business. *Kalins v. State Real Estate Commission,*

92 Pa.Cmwlth. 569, 500 A.2d 200 (1985). To effectuate the legislative objective, the provisions of the Act must be liberally construed. *Id;* Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1928(c).

■ It is well established that the parties are free to bind themselves in all matters. *Chamberlin of Pittsburgh, Inc. v. Fort Pitt Chemical Co.,* 237 Pa.Super. 528, 352 A.2d 176 (1975). Settlement of matters in dispute, especially in class actions, is favored and must be sustained in the absence of fraud or a mistake. *Dauphin Deposit Bank & Trust Co. v. Hess,* 556 Pa. 190, 727 A.2d 1076 (1999); *Sofronski v. Civil Service Commission, City of Philadelphia,* 695 A.2d 921 (Pa.Cmwlth. 1997). Consequently, "whatever does not affect the jurisdiction, or the due order of business and convenience of the court is capable of arrangement between the parties or their counsel, and an agreement by them will become the law of the case." *Foley Bros., Inc. v. Commonwealth,* 400 Pa. 584, 589, 163 A.2d 80, 84 (1960).

In stipulating that judgment may be entered against her in the amount of $175,000 to settle the dispute, Potts also agreed that the Stipulation was not intended to affect the plaintiffs' claims "against any other person." In approving the Stipulation, the trial court reviewed not only the terms of the Stipulation but also the notice of the proposed settlement sent to the class members, which contained the following statement:

> Plaintiff counsel does not know whether he will be able to locate assets sufficient to satisfy any significant part of that judgment. Potts contends that she has

---

**3.** This Court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law, or whether findings of facts made by the trial court are supported by substantial evidence. *Murphy v. Today's Properties, Ltd.,* 673 A.2d 6 (Pa.Cmwlth.1996).

no assets except mortgages on four modest houses in Philadelphia.... If judgment is entered based on the proposed settlement, plaintiffs' counsel will try to locate other assets of Potts to satisfy that $175,000 judgment, .... [I]f ... assets cannot be found to satisfy the judgments against .... Potts, *plaintiffs' counsel expects to seek compensation on behalf of the plaintiff class from the Real Estate Recovery Fund,* a fund established by law for the compensation, in certain circumstances, of persons who have been defrauded by real estate brokers. However, the total recovery from that Fund against one broker or salesperson is limited by law to $100,000. Plaintiffs' counsel does not know how much will be available form [sic] the Real Estate Recovery Fund to satisfy claims against ... Potts. (Emphasis added.)

In interpreting an agreement, the course of conduct of a party is always relevant, and it may be the strongest indication of the intention of the parties to the agreement. *Sun Co. (R & M) v. Pennsylvania Turnpike Commission,* 708 A.2d 875 (Pa.Cmwlth.1998). At the hearing held on July 9, 1998 on the motion for approval of the Stipulation, Potts never raised her objection to the class members' anticipation for recovery from the Fund. The record, therefore, does not support the Commission's argument that the parties intended in the Stipulation to preclude the class members from seeking recovery from Fund under Section 803 of the Act.

Moreover, *Jones v. Whiting,* 152 Pa. Cmwlth. 297, 618 A.2d 1213 (1992), relied on by the Commission, does not stand for the proposition that the plaintiff may not recover from the Fund unless the trial court makes a specific "finding" of fraud, misrepresentation or deceit at the time of the entry of judgment.

In *Jones,* the plaintiff filed an action against the real estate broker. The complaint did not contain any allegation of fraud, misrepresentation or deceit by the defendant. After the trial court entered the default judgment against the defendant, the plaintiff filed a petition seeking recovery from the Fund. In support, the plaintiff relied on the affidavit filed six months after the entry of the default judgment. In the affidavit, the plaintiff stated that the defendant induced him to loan money by deceit and misrepresentation. This Court concluded that the default judgment against the defendant could not be considered a final judgment upon grounds of fraud, misrepresentation or deceit under Section 803(a) of the Act because of the plaintiff's failure to set forth such allegations in the complaint and that the affidavit filed after the entry of the default judgment could not cure such defect. Subsequently in *Murphy v. Today's Properties, Ltd.,* 673 A.2d 6 (Pa.Cmwlth. 1996), this Court considered the holding in *Jones* and held that a default judgment may constitute a final judgment upon grounds of fraud, misrepresentation or deceit, if the plaintiff sufficiently makes such allegations in the complaint.

In this matter, Smith alleged that Potts and the other defendants conspired to induce, and did induce, the class members to accept the worthless second mortgage notes of the buyer to enable the buyers to purchase their homes without any cash payment by fraudulently misrepresenting the creditworthiness of the buyers and concealing the unsatisfied judgments against the buyers. ¶¶ 25–33, 84–85 of the Second Amended Complaint. Smith thus set forth sufficient allegations of the defendants' fraudulent acts in the complaint.[4]

---

4. The Act does not define the phrase "fraud, misrepresentation or deceit." The courts,

Moreover, the Commission does not challenge the legal sufficiency of the plaintiffs' allegations of fraud, misrepresentation or deceit in the complaint.[5]

 It is well established that under the doctrine of merger, the right to recover set forth in the complaint is settled between the parties upon entry of the judgment. *Lance v. Mann,* 360 Pa. 26, 60 A.2d 35 (1948); *Stendardo v. Federal National Mortgage Ass'n,* 991 F.2d 1089 (3rd Cir.1993).[6] As between the plaintiffs and Potts, therefore, the terms of the Stipulation approved by the trial court and incorporated in the judgment are conclusive. The judgment entered against Potts thus bound her with the same force and effect of a judgment entered after a full hearing on the plaintiffs' claim that Potts was engaged in fraud, misrepresentation or deceit. *Zampetti v. Cavanaugh,* 406 Pa. 259, 176 A.2d 906 (1962). Hence, the Commission's challenge to the class members' right to recover the unpaid judgment against Potts from the Fund must be rejected.

Accordingly, the order of the trial court is affirmed.

*ORDER*

AND NOW, this 10th day of June, 2002, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

however, have defined the term "fraud" as "anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, ... by speech or silence, word of mouth, or look or gesture." *Moser v. DeSetta,* 527 Pa. 157, 163, 589 A.2d 679, 682 (1991). In general, the common element in dishonesty, fraud, deceit and misrepresentation is deviation from the truth. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987).

5. The Commission also relies on *Kahn v. State Board of Auctioneer Examiners,* 785 A.2d 512 (Pa.Cmwlth.2001), in which this Court held that the Consent Agreement entered in Virginia cannot be a basis for imposing disciplinary sanctions in Pennsylvania because the Agreement was based neither on admission of

guilt nor on a finding of guilt on the alleged charges in Virginia. *Kahn* is distinguishable and therefore inapplicable to this matter. Unlike *Kahn,* Potts agreed to the entry of the judgment against her in the judicial proceeding in Pennsylvania. The trial court also made the specific, unchallenged findings supporting the recovery from the Fund under the Act.

6. Even where the action is discontinued or dismissed with prejudice pursuant to the agreement of the parties without entry of a judgment against the defendant, the agreement finalizes the parties' rights as would a judgment on the merits. *See Sustrik v. Jones & Laughlin Steel Corp.,* 413 Pa. 324, 197 A.2d 44 (1964).