Anthony M. TODARO, Sr., and
Lori Todaro, His Wife

v.

**UPPER MIFFLIN TOWNSHIP BOARD OF SUPERVISORS, Vincent Elbel, Individually and as Sewage Enforcement Officer, Dawn M. Shughart, Oaktree Environmental Services, Inc., Successor to and t/d/b/a Dew & Sons, Duane Wert, Sr., Individually, Linda Wert, Individually, Duane Wert, Jr., Danny Wert, Individually and Dustin Wert, Individually and Commonwealth of Pennsylvania, State Real Estate Commission as Administrator of the Real Estate Recovery Fund Commonwealth of Pennsylvania, State Real Estate Commission as Administrator of the Real Estate Recovery Fund, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2012.

Decided Jan. 4, 2013.

Julia A. Feld Caralle, Harrisburg, for appellant.

Sally J. Winder, Newville, for appellees Anthony M. Todaro, Sr., and Lori Todaro.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge (P.), and BROBSON, Judge.

OPINION BY President Judge PELLEGRINI.

The Commonwealth of Pennsylvania, State Real Estate Commission (Commission), appeals from an order of the Court of Common Pleas of Cumberland County (trial court) which ordered that Anthony Todaro, Sr., and his wife, Lori Todaro (collectively, Purchasers) be reimbursed from the Real Estate Recovery Fund (Fund), in accordance with the Real Estate Licensing and Registration Act (Act),[1] for damages arising from fraudulent conduct as to the condition of the septic system of a property owned and sold by Dawn Shu-

gart (Licensee). For the reasons that follow, we reverse.

Purchasers filed suit against the above-named parties for purported negligent action that resulted in Purchasers expending $30,050.10 on septic system repairs.[2] One of the defendants, Licensee, was a licensed real estate broker[3] who listed her own property for sale with her real estate company. Purchasers contended that Licensee fraudulently misrepresented that her septic system was in compliance when it was not. Because Licensee failed to respond, a default judgment was entered against her. Purchasers then filed their petition for payment from the Fund with the trial court. In support, they introduced the real estate seller disclosure form completed by Licensee which does not indicate any problem with the water supply, sewage system, or plumbing system. (Reproduced Record [R.R.], at 46a.)

The Commission opposed the petition on the basis that it was premature because Purchasers had not demonstrated: (1) that they obtained a final judgment, as required by Section 803(b)(3);[4] (2) that the judgment obtained was on the basis of fraud, misrepresentation, or deceit; (3) that the underlying transaction required a

---

1. Act of February 19, 1980, P.L. 15, *as amended*, 63 P.S. §§ 455.101–455.902. Section 803 of the Act, 63 P.S. § 455.803, provides, in relevant part, that a party aggrieved by the fraudulent conduct of a real estate licensee within the scope of his duties as a licensee may, upon obtaining a final judgment against the licensee, seek reimbursement of damages from the Fund for an amount not to exceed $20,000 for any one claim or $100,000 per licensee.

2. All defendants except Licensee filed their own preliminary objections, based upon which the claims against the Upper Mifflin Township Board of Supervisors (Board) and the Sewage Enforcement Officer were dismissed on the basis of governmental immunity, but the preliminary objections of Oaktree

Environmental Services, Inc., Duane Wert, Sr., Duane Wert, Jr., Danny Wert, and Dustin Wert (collectively, Corporate Defendants) were overruled.

3. Licensee's license to practice real estate was revoked on June 15, 2010. (R.R., at 42a.)

4. To collect from the Fund for the fraudulent conduct of a licensee under Section 803(b) of the Act, "[t]he aggrieved person shall be required to show: ... (2) That he has obtained a final judgment as set out in this section; [and] (3) That all reasonable personal acts, rights of discovery and such other remedies at law and in equity as exist have been exhausted in the collection thereof." 63 P.S. § 455.803(b)(2), (3).

real estate license under the Act and that Licensee was acting as a real estate agent, not as a private seller, when she sold her home; and (4) that Purchasers had exhausted collection efforts.

■ The trial court granted Purchasers' petition in part, reasoning that the default judgment against Licensee was a final judgment and that it was irrelevant to this petition that litigation was ongoing against Corporate Defendants. As to whether the judgment was final against Licensee since damages had not yet been established, the trial court said that it would rectify that requirement by holding a hearing and fixing damages at that point. It also opined that the allegations of fraud in the complaint had been established because of the entry of default judgment and, despite the fact that Licensee was selling her own home, the requirement that the transaction was one for which a real estate license is required had been met because the home was listed through Licensee's real estate company. This appeal followed.[5]

The Commission argues that the trial court erred in finding that there was a final judgment because, while there is a default judgment against Licensee, Rule 1037(b)(1) of the Pennsylvania Rules of Civil Procedure provides that, upon the entry of a default judgment, damages are to be assessed or a trial is to be held to determine the amount of damages; thus, default judgment can only be final once damages have been set. *See also Estate of*

*Considine v. Wachovia Bank,* 966 A.2d 1148, 1152 (Pa.Super.2009).[6] It argues that amount cannot be calculated yet because litigation is ongoing against other defendants who may be required to pay some or all of the damages being sought, making the "amount unpaid" with regard to Licensee impossible to determine at this juncture. *See* 63 P.S. § 455.803(a). Citing *Murphy v. Today's Properties, Ltd.,* 673 A.2d 6 (Pa.Cmwlth.1996), Purchasers contend all that is required is "a default judgment which has been obtained pursuant to a civil complaint that sufficiently alleges fraud, misrepresentation or deceit with reference to any transaction covered under the Act satisfies the final judgment aspect of [S]ection 803." *Murphy,* 673 A.2d at 13.

■ Contrary to Purchasers' contention, *Murphy* does not provide that merely a default judgment is necessary to proceed against the Commission, without regard as to whether money damages have been assessed. In that case, the amount owed had been stipulated to by the Commission and a sum certain was already established. Here, the Commission has not agreed as to the amount of damages, and damages have not yet been assessed against Licensee or any of the other named parties; the potential liability of other defendants to the litigation has to be determined before payout from the Fund will be feasible. Until damages are determined in the underlying proceeding, not in an ancillary proceeding, such as this one, Purchasers cannot main-

---

5. Our scope of review on appeal is limited to determining whether the trial court abused its discretion or committed an error of law, or whether findings of fact are supported by substantial evidence. *Smith v. I.W. Levin and Co., Inc.,* 800 A.2d 374, 377 n. 3 (Pa.Cmwlth. 2002).

6. "When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person licensed under the

Act, upon grounds of fraud, misrepresentation or deceit with reference to any transaction for which a license or registration certification is required under the Act, the aggrieved person may, upon termination of all proceedings, including reviews and appeals, file an application in the court in which judgment was entered for an order directing payment out of the [ ] Fund." *Murphy,* 673 A.2d at 9 n. 2 (citing 63 P.S. § 455.803).

tain this action because the default judgment is not final.[7]

Accordingly, for the forgoing reasons, we reverse the decision of the trial court.

## ORDER

AND NOW, this 4th day of January, 2013, the order of the Court of Common Pleas of Cumberland County, dated May 29, 2012, is reversed and the judgment in favor of Anthony M. Todaro, Sr., and Lori Todaro, and against the State Real Estate Commission, Real Estate Recovery Fund, is reversed.

---

7. Given our conclusion, we need not address whether Purchasers failed to establish that they exhausted their collection efforts or whether any fraud was committed and whether that fraud was committed by Licensee was committed as a licensed real estate agent.